A. B. HARDIN v. B. J. BLACKSHEAR.

(Case No. 1491.)

1. PLEADING.— See statement of case for a cause of action pleaded, held good on demurrer.
2. TRIAL BY JURY.— A discretion may be exercised by the district judge in allowing the deposit of the jury fee by the party who in time has applied for a jury, but who has failed to make the jury fee deposit, provided the same be made before trial, and when the exercise of such discretion works no injury to the complaining party.
3. EVIDENCE.— Parol evidence of the contents of pleading in another cause cannot be admitted, when the absence of the better evidence furnished by the papers themselves is not accounted for.

4. SAME.— A stranger to a judicial proceeding cannot be affected by the judgment rendered therein.

5. SAME.— The records of a county court, brought into the district court in the custody of the county clerk of the county, are admissible in evidence; it is otherwise when they find their way to some other county and are produced from the custody of a private individual.

APPEAL from Anderson. Tried below before the Hon. Peyton Edwards.

Suit by appellee, in which she charged that on January 25, 1882, the plaintiff, Mrs. Blackshear, executed a deed conveying to the defendant Hardin five acres of ground, with improvements thereon, situated in Palestine, Anderson county, in part payment of a stock of goods, notes and accounts agreed to be sold by Hardin to her brothers, J. S. & B. A. Witherspoon. She delivered the deed to her brother, J. S. Witherspoon, to be used by him and B. A. Witherspoon in the purchase of the goods, etc., the deed to be delivered to Hardin on the completion of the sale and delivery of the goods, etc., to the Witherspoons. Without the delivery of the goods, etc., Hardin, "under the false and fraudulent pretense and representation" that he wished to examine the deed, and that he would return it, obtained possession of the same from J. S. Witherspoon, and, in violation of the agreement to return it, caused the same to be recorded by the county clerk of Anderson county, and refused to return it to her or her brother, and refused to deliver the goods. The plaintiff charges that Hardin's possession and the recording of the deed were fraudulent; that these acts did not constitute a delivery of the deed to him, and charged that the same was an incumbrance and cloud on her title. The prayer of the petition was that the deed be set aside, the cloud removed and her title quieted.

On Friday of the first week of the term, on the call of the appearance docket, the plaintiff applied for a jury, but failed to deposit the jury fee on that day. On the 22d of May, the day before the trial, the deposit was made, and the case was placed on the jury trial docket. The jury fee was not paid sooner by reason of the oversight of plaintiff's brother. A jury was in the box when the case was called for trial.

A witness, John S. Witherspoon, was asked to state if in a suit of himself and B. A. Witherspoon against Hardin, they did not claim the land in controversy by purchase from their sister, Mrs. Blackshear. The court sustained plaintiff's objection to the question, because, if true, there was better evidence of the fact.

*R. A. Reaves*, for appellee.

No briefs on file for appellant.

WEST, ASSOCIATE JUSTICE.— The facts alleged constitute a good cause of action, and the court did not err in overruling the general demurrer and special exceptions to the original petition. Nor did the court err, under the facts presented, in declining to strike the case from the jury docket. The failure to pay the jury fee at once, as should always be done, makes it the duty of the court to decline to grant the party the privilege of a jury for the trial of his case. R. S., art. 3066. But there must be in this, as in many other like questions of practice arising in the progress of a trial, some discretion allowed the district court in disposing of such matters.

Where, as in this case, the ruling of the court in this respect worked no injury to the party complaining, and appears to have been, under the circumstances, a proper exercise of that discretion, the action of the court will not be disturbed.

Neither did the court err in excluding that part of the evidence of the witness J. S. Witherspoon, to the introduction of which an objection was interposed. It is not claimed that it was offered for the purpose of contradicting the witness, and even for that purpose its admissibility would have been doubtful, and so far as it was sought by it, in any way whatever, to affect the right of the appellee to the property in suit, it was immaterial and irrelevant.

Nor were the original papers of the district court of Leon county, in the suit there pending of the Witherspoon brothers against the appellant, admissible in evidence in this suit as against the appellee. She could not be bound or concluded by anything said or done in that suit, by any of the parties, as she was a stranger to it.

The record does not explain how or in what manner the original papers and records of the district court of Leon county came to be produced and offered in evidence in the district court of Anderson county. The clerk of the district court of Leon county is the proper and lawful custodian of those records. There is no pretense that he was present in court or had them in his official custody when they were offered in evidence.

Where the original papers in a judicial proceeding, sought to be introduced, are a part of the official records of the court where the case is being tried, or are brought into open court from the county court of the same county, in the custody of the clerk of that court, it has been held, under such circumstances, such original papers are

admissible in evidence.   Wallis *v.* Beauchamp, 15 Tex., 305; House *v.* House, 16 Tex., 601.   In this connection, see, also, Styles *v.* Grey, 10 Tex., 503.

Where, however, the supposed original papers of other and distant courts of record of this state are found in the hands of private individuals, and from this source are offered in evidence, a different question is presented.

"Necessity," says Chief Justice Hemphill, "requires the records of other courts to be proved by transcripts.   The records themselves must remain in the proper office and in the custody of their keeper, and transcripts or copies only can be used for their proof elsewhere." 15 Tex., 305.

There is no error in the judgment, and it is affirmed.

AFFIRMED.

[Opinion delivered October 9, 1883.]