MARY R. BERRY ET AL. v. THE T. & N. O. R'Y.

(Case No. 1753.)

1. PRACTICE — TRIAL BY JURY. — The plaintiff in a cause made affidavit under art. 1438, Revised Statutes, and filed the same with the clerk, who placed the case on the jury docket. A year afterwards, when the jury list was about to be passed on in selecting a jury, the defendant objected to a jury trial, on the ground that the affidavit was made under art. 1438, Revised Statutes, instead of under art. 3067. Thereupon the plaintiff asked leave to amend his affidavit, so as to make it comply with the requirements of the statute, and offered to deposit the jury fee. *Held,* that a trial by jury should have been allowed.

ERROR from Orange. Tried below before the Hon. W. H. Ford.

This suit was brought against the defendant railway company to recover damages for the killing of Clarence B. Berry, the husband and father of the plaintiffs, caused by the alleged negligence of the servants of the company. The circumstances under which the plaintiffs were denied a jury are sufficiently detailed in the opinion.

*John T. Stark*, for plaintiff in error.

*E. P. Hill*, for defendant in error.

WEST, ASSOCIATE JUSTICE.— Under the facts disclosed by the bill of exceptions, the court erred in not allowing plaintiff a trial by jury. An affidavit was made under article 1438, Revised Statutes, and filed with the clerk when the suit was brought. A jury was, no doubt, at the same time demanded, and the clerk, in response to the affidavit filed in lieu of a cost bond and this supposed demand, placed the case on the jury docket, and it remained there until the case was called for trial. No question as to its right to be there was raised by any officer of the court, and the defendant alike remaining silent. Matters stood this way when the cause was reached on the jury docket and called for trial. Without objection from any source, both parties announced ready for trial; a panel of sixteen jurors were in the box; the parties were furnished with the names of the jurors, and were in the act of examining the list to select a jury when the defendant, for the first time, raised an objection to the case being tried by a jury. The objection was that the affidavit of plaintiff on file was made under article 1438, Revised Statutes, instead of being made under article 3067. Plaintiff at once asked leave to amend the affidavit so as to make it comply with the requirements of the statute. The court refused the application. Plaintiff immediately, the panel of jurors being still in the box, offered to, and did in fact, deposit, in cash, with the clerk the jury fee required, and demanded a trial by jury. The demand was again refused. The case had been for more than a year on the jury docket, and treated and considered by the court and the parties as a jury case. To grant plaintiff a trial by jury would not delay or work an injury or injustice to the defendant. Reversed and remanded.

REVERSED AND REMANDED.

[Opinion delivered January 29, 1884.]