| 63 | 473 |
| 84 | 155 |

P. W. GALLAGHER & CO. v. GOLDFRANK, FRANK & CO.

(Case No. 2060.)

1. TRIAL BY JURY — PRACTICE.— Article 3066 (Rev. Stat.), regarding the deposit of a jury fee by the party demanding a trial by jury, is not mandatory in requiring its deposit with the clerk on the first day of the term of court. (Following Hardin v. Blackshear, 60 Tex., 132, and Berry v. T. & N. O. R'y Co., 60 Tex., 654.)

2. SAME.— A jury was demanded on the first day of the term, and the jury fee paid on the second day: Held, that when no injury resulted to the opposing party, and neither the business of the court nor the trial of the cause was delayed thereby, the jury fee should have been accepted and the jury allowed.

3. ATTACHMENT — REPLEVY.— The statute makes no provision for the replevy of the proceeds of property sold under attachment, but contemplates that it shall remain in custody of the clerk of the court subject to the court's order.

APPEAL from Gonzales.    Tried below before the Hon. Everett Lewis.

*Fly & Davidson*, for appellants, cited: R. S., arts. 3061, 3066; State Const., art. 1, § 15; Hardin *v.* Blackshear, 60 Tex., 132; Lacroix *v.* Evans, Tex. Ct. App. Civ. Cas., § 749; Berry *v.* T. & N. O. R'y Co., 60 Tex., 654.

*P H. Ward* and *Harwood & Harwood*, for appellee, cited: R. S., arts. 3061, 3066; Hardin *v.* Blackshear, 60 Tex., 132.

STAYTON, ASSOCIATE JUSTICE.— The bill of exceptions shows that on January 7, 1884, which was the first day of the term of court, the appellants demanded a jury when the docket was called for that and like purposes.   To this the judge replied that they could have the jury if they paid the fee; after which, on the same day, counsel for appellants told the clerk that he would hand the fee to him, to which the clerk replied "that's all right."

On the next morning the jury fee was paid to the clerk, who then entered the cause on the jury docket.

When the cause was called for trial on the 11th January, 1884, the appellees objected to a trial by jury on the sole ground that the jury fee was not paid on the first day of the term, and this objection was sustained by the court and a jury trial refused.   This ruling of the court is assigned as error.

The constitution declares that "the right of trial by jury shall remain inviolate.   The legislature shall pass such laws as may be needed to regulate the same, and to maintain its purity and efficiency."   Const., art. 1, sec. 15.

Under this section laws have been enacted, and in pursuance therewith application was made on the first day of the term for a jury in this cause.   R. S., 3061.   The jury fee was deposited, but it is insisted that as it was not deposited on the first day of the term the jury could not be allowed — that art. 3066, R. S., is mandatory.   Such has not been held to be the character of the article referred to.   Hardin *v.* Blackshear, 60 Tex., 132; Berry *v.* T. & N. O. R'y Co., 60 Tex., 654.

In the case last named the jury fee was deposited after the cause was called for trial.

It is not shown that any injury would have resulted to the appellees by allowing the jury, nor that the business of the court or trial of the cause would in any manner have been delayed; and in such a case, in the absence of some language negativing the right of a party

to deposit the fee after the first day of the term, we are of the opinion that the jury fee ought to be received, and the jury allowed.

A right expressly guarantied by the constitution ought not to be disallowed, even in cases in which the legislature is empowered to enact laws to regulate its exercise, because the act was not done within the time prescribed, unless the law, so made, clearly evidences the legislative intention that the thing required to be done before the right can be exercised shall be done within a given time or not at all.

We are of the opinion that the court did not err in overruling the demurrers to the petitions and the motion to quash the attachment.

The rulings of the court below in the admission and rejection of testimony need not be considered, as the same questions may not arise upon another trial.

The statute provides that a defendant whose property is seized under an atachment may replevy it (R. S., 170), but does not provide, in case the property be sold, as the statute provides it may be pending suit, that the proceeds may be so replevied; on the contrary, the statute seems to contemplate that the sum so realized shall remain in the custody of the clerk, subject at all times to the control of the court. R. S., 174, 1454.

This may, in case of protracted litigation, operate an injury to a defendant; but it rests with the legislature, if it be deemed advisable, to provide that money in such cases may be replevied.

For the error of the court below in refusing a jury trial to the appellants, the judgment is reversed and cause remanded.

REVERSED AND REMANDED.

[Opinion delivered March 10, 1885.]