BLAIR et ux. v. PAGGI et al. (No. 511.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 20, 1920. Rehearing Denied March 10, 1920.)

1. APPEAL AND ERROR ⟨⟩1011(1)—FINDING OF FACT ON CONFLICTING EVIDENCE NOT DISTURBED.

Finding of fact by the trial court on conflicting evidence will not be disturbed by the appellate court.

2. APPEAL AND ERROR ⟨⟩1043(7)—DENIAL OF REQUESTS FOR CONTINUANCE IMMATERIAL WHERE CASE WAS SUBSEQUENTLY POSTPONED FOR TWO MONTHS.

Where plaintiff was not represented by counsel when the case was called, but the court granted postponement to enable counsel subsequently engaged to familiarize themselves with the facts, and shortly after entering on the trial a postponement for two months was agreed on because of the illness of one of plaintiff's counsel, the denial of continuance is immaterial.

3. JURY ⟨⟩25(6)—DEMAND FOR JURY MADE AFTER JURY DOCKET FOR TERM HAS BEEN DISPOSED OF WILL BE DENIED.

Where at the time the case had been called for trial the jury docket had been disposed of and the jury for the term discharged, a demand for jury then made will be denied.

4. JURY ⟨⟩25(6)—DENIAL OF PLAINTIFF'S REQUEST FOR JURY TRIAL MADE AFTER EXPIRATION OF JURY TERM NOT ERROR.

Plaintiffs were not represented when their case was called for trial. and after two postponements the case, shortly after entering on the trial, was postponed until the following term; after commencement of that term, plaintiffs paid the jury fee and demanded jury trial, although such trial had been denied when the court commenced the trial of the case before the

last postponement; *held* that, as plaintiffs did not object to discharge of jury for term, and failed to demand jury trial on first day of term, in accordance with Rev. St. 1911, art. 5175, their negligence in allowing jury to be discharged, etc., was sufficient ground for denial of their demand for jury trial at second term.

5. STIPULATIONS ⚙══18(8)—PLAINTIFFS, IN VIEW OF THEIR STIPULATION AS TO POST-PONEMENT, HELD NOT ENTITLED TO OBJECT TO COURT'S CONSIDERATION OF TESTIMONY HEARD AT EXTENDED TERM.

Plaintiffs were not represented by counsel when the case was called, and after granting several short postponements the court began trial after expiration of time fixed for duration of term, but on one of plaintiff's counsel becoming ill the case was by agreement postponed until the following term, at which time testimony introduced on the first trial was reintroduced, *held* that, although the court may have considered testimony introduced on the first hearing at a time when it had extended the term, plaintiffs,. having failed to raise the matter even in their original brief in the appellate court, cannot, as their stipulation contemplated the consideration of evidence heard before postponement, raise it thereafter.

Appeal from District Court, Jefferson County; W. H. Davidson, Judge.

Action by Frank Blair and wife against Ed. Paggi and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

Geo. C. O'Brien and Jas. H. Rachford, both of Beaumont, for appellants.

Smith & King and Crook, Lord, Lawhon & Ney, all of Beaumont, for appellees.

WALKER, J. Appellants, Frank Blair and wife, instituted this suit to cancel an instrument in the form of a general warranty deed executed by them to J. S. Wheless, and a deed of trust executed by Wheless to one Hardwicke, as trustee for the use and benefit of Ed. Paggi. Appellants alleged that the instrument was intended as a mortgage, and, as it purported to convey a part of their homestead, was void, and that Paggi knew this when he made the loan to Wheless, taking this land as security. Wheless, Paggi, and L. J. Benckenstein, as substitute trustees, were made defendants. As substitute trustee, Benckenstein had advertised the property for sale under the deed of trust, and on application of appellants a temporary writ of injunction was issued restraining the sale.

[1] The case was tried before the court without a jury, and judgment was entered against appellants, decreeing their deed to Wheless to be an absolute conveyance, the deed of trust to be valid, and dissolving the temporary writ of injunction. Conclusions of law and fact were filed on request of appellants.

By many assignments of error appellants attack the conclusions of fact on which the trial court based its judgment. We have examined all of these assignments with the greatest care, and have carefully read the record on which they are based. The testimony on many of the issues was sharply conflicting, but we find sufficient legal evidence in the record to sustain all of them. The statement of facts is very lengthy, and we do not see that that it would serve any purpose to quote from the testimony of the witnesses. It is sufficient to say that appellants swore that the instrument was intended as a mortgage, and many of the circumstances in the case corroborated them. However, Wheless swore to the contrary, and he also was sustained by corroborating witnesses and circumstances. The issue of fact thus raised was decided by the trial judge, and cannot be set aside by us.

[2, 3] Appellants' remaining assignments complain of the action of the court in overruling their motion for continuance and in denying them a jury. Under these assignments, the facts are substantially as follows:

(1) This case was filed August 3, 1918. A temporary writ of injunction was granted August 5, 1918, and the subsequent September term was the appearance term for this case.

(2) On appearance day of the subsequent term appellants did not demand a jury, and this case was set for trial on the nonjury docket for the last week of the term, ending Saturday, November 30th. This setting was duly posted by the court in the customary and usual way for posting the settings of civil cases.

(3) This case was called for trial on the 28th of November. All parties appeared, and defendants announced themselves ready for trial. The appellants notified the court that their local counsel had withdrawn from the case, that they had employed an attorney at Orange, and that he was not in attendance. The court then called the Orange attorney by phone, and was informed by him that he was not in the case and had never been in the case. On receipt of this information appellants were informed by the court that they must proceed with the trial. Judge Rachford was in the courtroom at the time, and volunteered to assist plaintiffs. In order to give him an opportunity to acquaint himself with the case, the trial was postponed until the 29th. When the case was called for trial, on the morning of the 29th, Judge Rachford had secured the assistance of Judge O'Brien, of present counsel for plaintiffs, to assist him in the trial. At this time appellants moved for a continuance, which was overruled.

However, in order to give appellants more time, the case was again postponed until the morning of the 30th. On the morning of the 30th appellants renewed their motion for continuance, and at this time asked for a jury. Both of these motions were refused. After the pleadings were presented, and before the

⚙══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

introduction of testimony, the court announced that he was at that time in the midst of the trial of the case, but, as it was very late, he would enter an order extending the term, for the purpose of finishing the trial of this case, and would proceed to hear the testimony on the following Monday morning, December 2d. When the trial was resumed, on the 2d of December, appellants again moved for a continuance, on the grounds that their attorneys had not had sufficient time to acquaint themselves with the case; that the order of the court extending the term was illegal, because they were not in the midst of the trial on Saturday when the order was made, and because they were entitled to a jury, asking in this connection that they be allowed a jury. This motion was overruled.

(4) The trial proceeded during the 2d and 3d of December. On the 4th of December it was announced to the court that Judge O'Brien, of counsel for plaintiffs, was seriously sick, and not able to proceed with the trial, and at request of appellants the trial was suspended, and by consent of all parties was reset for the 3d of February of the ensuing term.

(5) The September term expired, by operation of law, on the 30th of November. The ensuing December term convened on the 9th of December, and continued until the 15th of the following February. On the 7th of January, after convening of the court on the 9th of December, appellants demanded a jury in this case, and paid a jury fee. On the 21st of January the jury for the term was discharged, and there was no jury for the last two weeks of that term of court. It does not appear that appellees had any notice of the demand for jury by appellants until the 3d of February. Appellants did not protest against the discharge of the jury on January 21st, nor did they ask the court to reset the case from February, a setting agreed to by them, to an earlier day in the term, so that they could have the benefit of a jury trial. When the case was called for trial on February 3d, appellants demanded a jury, which request was refused by the court. This ruling of the court is made the basis of their fourth bill of exceptions, which is thus qualified by the trial judge:

"The trial of this cause began on November 30, 1918, instead of December 2, 1918, but the actual taking of evidence began on December 2, 1918. At or about the date stated by plaintiff one of their counsel, Judge Geo. C. O. Brien, was taken sick, and plaintiffs desired that the cause be postponed until his recovery. They and defendants' attorneys discussed the matter between themselves and with me, and especially as to when said trial could be resumed. I then stated to both sides that certain weeks of the December term (which extends to the middle of following February) were already set aside and causes set for jury trials, or that they would be so set, and that I would reach the nonjury docket for trial of nonjury cases on Monday, February 3, 1919. Plaintiffs and defendants thereupon in open court and in writing made an agreement to set over this case to be resumed where left off on or as near February 3, 1919, as it could be reached. A certified copy of that agreement is attached hereto as a part of this qualification.

"Although having made this agreement, and although the last week of jury cases expired on January 21, 1919, and although after that time no jury would be in attendance on this court, the docket having been set and arranged long prior to January 7, 1919, and even at the time said agreement was made, to take this case up again on the nonjury docket on February 3, 1919, and although the nonjury week had been selected by plaintiffs and defendants therefor, the plaintiffs paid the jury fee as they state, and demanded placing the case on the jury docket, which was denied them. The trial had already been partly had, some of the evidence introduced in December, the agreement of the parties hereto attached, and the fact that placing this cause on the jury docket as requested would have necessitated a continuance thereof, I thought and held, precluded plaintiffs from placing the same on the jury docket, both the week of February 3 and of February 10, 1919 (being all left of said term), being devoted to nonjury cases, and this fact was known to plaintiffs when they entered into the agreement, and the cause postponed to be resumed on February 3, 1919, at plaintiffs' request, and the time was of their own selection."

The agreement to continue the case is as follows:

"Frank Blair, Jr., et ux. v. Ed. Paggi et al. No. 14046.

"Suit pending in the District Court of Jefferson County, Texas.

"It is agreed by and between the parties to the above styled and numbered cause that the trial herein now in progress shall be suspended on account of the illness of one of plaintiffs' counsel, and renewed where left off during the next term of this court on Monday, February 3, or as soon thereafter as the court can reach it; it being distinctly understood and agreed that, whenever the trial is renewed, it shall begin where left off. [Signed] Hannah M. Blair. Frank Blair, Jr. Jas. H. Rachford, Atty. for Plaintiffs. J. S. Wheless. Ed. Paggi, by Chas. D. Smith, Atty. for Ed. Paggi."

No error was shown by the refusal of the court to grant the continuance asked for on the 30th of November or the 2d of December. Even if appellants were entitled to a continuance, the ruling of the court on these motions becomes immaterial in view of the fact that the case was postponed for nearly two months, the only ground of contention being that counsel for appellants had not had sufficient time to acquaint themselves with the case, nor did the court err in refusing appellants' request for a jury on the 30th of November. After the jury docket for the term has been disposed of and the jury for the term discharged, it is too late to demand a jury for that term. Petri v. Bank, 83 Tex. 424, 18 S. W. 752, 29 Am. St. Rep. 657.

[4] Appellants' request for a jury on the 3d of February presents a more serious question. They offered no excuse for the failure to demand a jury on the first day of the December term, as required by Rev. St. 1911, art. 5175, nor do they try to explain their failure to protest against the discharge of the jury on January 21st, or their failure to ask that the case be reset from February 3d to some time during the jury docket settings, so that they would have the advantage of a jury trial. They do nothing from the 4th of December until the 3d of February except demand a jury and pay the jury fee, knowing that they could not have a jury after February 3d, and knowing that the granting of their request would continue the case until the next term of court.

In Allen v. Plummer, 71 Tex. 546, 9 S. W. 672, the plaintiff demanded a jury on the first day of the term, paid the fee on the second day of the term, and when the case was called for trial on the third day, asked that his case be set over until the first of the next week, that being the first jury week, so that he could have a jury. His request was denied by the court. Writing the opinion, Judge Gaines said:

"It has been, in effect, held by this court that articles 3064 and 3066 of the Revised Statutes, which directs that the demand for a jury shall be made and the jury fee paid upon the first day of the term, are not strictly mandatory, and that the failure to make the payment on that day does not forfeit the right to have a trial by jury, when such failure does not operate to the prejudice of the opposite party. Allyn v. Willis, 65 Tex. 65; Gallagher v. Goldfrank, 63 Tex. 473; Hardin v. Blackshear, 60 Tex. 132; Berry v. Railroad, 60 Tex. 654.

"Applying this rule to the case before us, we think the court erred in not passing the case until the call of the jury docket, and in trying the case without a jury. It is true that the trial judge says in explanation of his action that the result of a compliance with plaintiff's demand would have been to deprive the defendants of a trial until the next term of the court, from which we infer, as the jury docket had not been called, that in his opinion the time of court and the state of that docket would not admit of the case being reached at the then existing term."

In commenting on this case, in Petri v. Bank, 84 Tex. 155, 19 S. W. 379, Judge Gaines said:

"In Allen v. Plummer, supra, demand was made on the first day of the term, and the jury had not been in fact discharged, and the refusal to grant a jury trial was held error, although the judge below was of the opinion that to grant the demand would have worked a continuance of the case. That case pushes the doctrine to the extreme verge of propriety, and we are averse to proceeding on that line."

As we construe the decisions of our courts, the principle is approved as announced in Cole v. Terrell, 71 Tex. 553, 9 S. W. 670:

"Litigants are charged with knowledge of the standing orders of the court, and where the parties by consent set down a case for trial at a day when no jury is to be expected, no complaint can be made to the court proceeding with the trial without the aid of a jury."

Appellants, if entitled to a jury trial during the December term, had forfeited this right by their negligence in failing to demand a jury at the proper time, and in permitting the jury to be discharged without having this case reset for some time devoted to the jury docket. However, it is our opinion that appellants clearly and definitely waived a jury by the agreed setting made on the 4th of December.

[5] Appellants' original brief assigns no error to the action of the court in extending the September term for the purpose of trying this case, but in a supplemental brief they suggest that this order should be reviewed by us as fundamental error. Under this assignment, they advance the proposition that it appears from the record that the court considered the testimony introduced on the 2d and 3d of December in rendering the judgment in this cause. Looking to the judgment, we find this recital:

"On February 3, 1919, all parties appearing in pursuance of said agreement and proceeding with said trial, and the court, having in due course heard all the pleadings and having heard and considered all the evidence and testimony adduced upon this trial, including all testimony given prior to the suspension of said trial, as well as after the resumption thereof, and having taken said cause under advisement until this, the 11th day of February, 1919, is of the opinion that the law and the facts are with the defendants and against the plaintiffs."

Looking to the statement of facts, we find that plaintiff Hannah M. Blair was the only witness who testified during this time, and, as plaintiffs' case rested largely on her testimony, it does not appear that appellants were in any way prejudiced by the court considering the same in reaching his judgment. But the statement of facts also shows that practically all of her testimony—we might say all—was reintroduced on the 3d of February. Appellants failed to call our attention to any fact or circumstance testified to by her that was not so reintroduced, and in our examination of same we have failed to find any material fact testified to on the 2d and 3d of December that was not reintroduced after the trial was resumed on February 3d.

However, in view of Kerr et al. v. Hume, 216 S. W. 908, a decision by the El Paso Court of Civil Appeals, no error was committed by the court in considering Mrs. Blair's testimony, even if it had not been reintroduced on the 3d of February. But, apart from this, as we construe the written agreement to postpone this case, it was clearly the intention of the parties and the court that all the proceedings had prior to December 4th should con-

stitute a part of this record when the trial was concluded during the December term. Having agreed to this, appellants should not now be heard to complain, especially in view of the fact that they did not object to the court considering this testimony when he rendered his judgment on the 11th of February, assigned no error in their original brief, and only suggest it to us now as fundamental error.

Finding no errors in this record, the judgment of the trial court is in all things affirmed.