## PATE v. WOODVILLE MERCANTILE CO. (No. 628.)

(Court of Civil Appeals of Texas. Beaumont. Jan. 8, 1921. On Motion for Rehearing, March 7, 1921. Further Rehearing Denied March 23, 1921.)

1. **Jury** ⊛=25(6)—**Statute requiring demand on appearance day is only directory as to appearance cases.**

Vernon's Sayles' Ann. Civ. St. 1914, art. 5175, declaring that any party to a civil suit desiring to have the same tried by jury shall make application therefor in open court on the first day of the term unless the same be an appearance case, in which event application shall be made on default day, is merely directory and not mandatory as to appearance cases.

2. **Contracts** ⊛=221(3) — **Promise to pay for merchandise furnished third person held not conditional.**

Though defendant, who agreed to pay for merchandise furnished to third person by plaintiff, asked that such person be held down and plaintiff agreed to do so, the promise was not thereby rendered conditional; the expression merely indicating a request that plaintiff should discourage extravagant purchases by the person receiving the merchandise.'

3. **Appeal and error** ⊛=301—**Sufficiency of evidence cannot be reviewed where not raised by motion for new trial.**

Under Rule 101a (159 S. W. xi), governing the trial causes in the district court, which provides that in all cases in which a motion for new trial is filed the assignments contained therein shall constitute the assignments of error and all errors not specified shall be waived, the question of the sufficiency of the evidence to support the judgment cannot be reviewed where it was not presented by the motion for new trial original or amended, but was attempted to be presented by an independent assignment of errors filed after the overruling of the motion for new trial.

4. **Appeal and error** ⊛=1051(3)—**Admission of evidence as to matter concerning which appellant had testified harmless, if erroneous.**

Where plaintiff, who asserted that he did not agree to pay for merchandise furnished by defendant to a third person, testified that he agreed to pay for feed furnished by the witness to such third person, testimony by the witness as to plaintiff's agreement, if erroneous, was harmless.

5. **Appeal and error** ⊛=1054(1)—**Erroneous admission of evidence harmless in an action tried to the court.**

In an action tried to the court, the erroneous admission of improper or incompetent evidence will be deemed harmless, where it did not affirmatively appear that such improper and incompetent evidence influenced the court in reaching its judgment.

On Motion for Rehearing.

6. **Appeal and error** ⊛=1046(1) — **Denial of jury trial deemed reversible error, though bills of exception did not show deposit of fees.**

Where it appeared from the bills of exception that the trial court erroneously denied· jury trial on the ground that demand therefor was not made on the appearance day in accordance with Vernon's Sayles' Ann. Civ. St. 1914, arts. 5174, 5175, which were merely directory, the case being · an appearance one, the action of the court will be deemed reversible error though the bills of exception did not affirmatively show deposit of jury fee, etc., in accordance with articles 5180, 5181, 5183.

Appeal from District Court, Tyler County; D. F. Singleton, Judge.

Action by Joe W. Pate against the Woodville Mercantile Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Robt. A. Shivers, of Woodville, and Collins & Morris, of Beaumont, for appellant.

Coleman & Lowe, of Woodville, for appellee.

HIGHTOWER, C. J. The appellant, Pate, was the plaintiff below, and sought to recover

⊛=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of the appellee, Woodville Mercantile Company, the value of 42 bales of cotton which appellant had delivered to appellee for shipment and sale by the latter, less certain offsets and credits to which it was admitted appellee was entitled. Appellant's petition alleged that after allowing all credits and offsets to which appellee was entitled, appellee still was due him for said cotton the amount of $3,800, for which he prayed judgment.

The appellee in its answer admitted that it had received the cotton from appellant, as alleged by him, and that it had shipped and sold 37 bales thereof, and received therefor the aggregate amount of $6,717.79. It further alleged that 4 of the bales were still in its possession and held by it, and that the remaining bale of the 42 bales had been returned by it to appellant. The appellee then alleged that it was agreed and understood between the parties that appellee should have a lien on all of said cotton and its proceeds for all advancements in the way of money and merchandise made by it to appellant. The answer then itemized the advancements claimed to have been made to appellant, consisting of cash, expenses in handling the cotton, and charges for goods, wares, and merchandise which in the aggregate would leave only $39.60 due appellant for the cotton, and this amount was tendered into court by the answer.

Among the items charged as an advancement against the cotton was $1,629.55, which appellee alleged was for goods, wares, and merchandise furnished by it to one R. E. Miller during the years 1918 and 1919. As to this item, appellee alleged that these goods, wares, and merchandise were furnished to Miller at the instance and request of appellant, and with the express understanding and agreement between them that appellant was to pay appellee for the same. By supplemental petition appellant specially denied such claimed agreement, and alleged that he did not authorize appellee to furnish to Miller such goods, wares, and merchandise to be charged to him, and that he had not promised, verbally or in writing, to pay for same, and specially interposed the statute of frauds, and prayed for judgment as in his original petition.

After announcing ready for trial before the court without a jury, the parties made this written agreement or stipulation:

"It is agreed by the plaintiff and the defendant herein that the real controversy in this case is whether or not Joe W. Pate is liable for merchandise sold to R. E. Miller."

All other contentions made by the pleadings were expressly withdrawn from the court's consideration by agreement of the parties.

After hearing the evidence, the trial judge found that Joe W. Pate, the appellant, was liable to appellee for the goods, wares, and merchandise sold to Miller, and rendered judgment accordingly.

Appellant in due time filed a motion for a new trial, which was afterwards amended, and as amended was overruled.

By the first assignment of error it is complained that the trial judge forced appellant to trial without a jury, over his protest, and that the court abused its discretion in doing so. The case was an appearance one for the February term, 1920, of the trial court, and the record shows that no demand, formal or otherwise, was made by appellant for a jury on appearance day of the term. The case was finally reached for trial and was tried on the 24th day of February, 1920. The bill of exception in this connection shows that about a week prior to the trial of the cause, which was several days after the appearance day of the term, appellant's counsel requested the trial judge to put the case on the jury docket, which was not done; and the bill further shows that appellant's counsel, on the 24th of February, when the case was called for trial, demanded a jury, and the demand was again refused. The bill fails to show, however, that appellant's demand for a jury at either time mentioned was accompanied by an offer or tender of the jury fee. Article 5174, Vernon's Statutes, provides:

"No jury trial shall be had in any civil suit, unless an application therefor be made in open court and a jury fee be deposited, or an affidavit be made of inability to make such deposit, as hereinafter prescribed."

Article 5175 provides:

"Any party to a civil suit in the district or county court desiring to have the same tried by jury, shall make application therefor in open court on the first day of the term of the court at which the suit is to be tried, unless the same be an appearance case, in which event the application shall be made on default day."

Article 5180 provides:

"The party applying for a jury trial in the district or county court shall, on the same day, deposit with the clerk, to the use of the county, a jury fee of five dollars if in the district court, and of three dollars if in the county court."

Article 5181 provides:

"The deposit mentioned in the preceding article shall not be required when the party shall, within the time limited for making such deposit, file with the clerk an affidavit in writing signed by him, to the effect that he is unable to make such deposit, and that he cannot, by the pledge of property or otherwise, obtain the money necessary for that purpose."

Article 5183 provides:

"Upon a compliance with the foregoing provisions, the court shall order the clerk to enter the suit on the jury docket."

[1] As above stated, the bill of exception in this connection fails to show that appel-

lant paid or tendered any jury fee or that he made oath excusing such tender, as provided by article 5181, supra. Appellant having failed to comply with the statute by demanding a jury on compliance day of the term at which this case was tried, as is affirmatively shown by the record, before he can successfully complain of the action of the trial court in denying him a jury, it is incumbent upon him to affirmatively show by his bill in this connection that he did everything or offered to do everything that was required of him by law to entitle him to a jury, and that, therefore, the trial court abused its discretion in denying him a jury. It is true that it has been held by the appellate courts of this state in a number of cases that the statute requiring the demand for a jury in an appearance case to be made on the appearance day of the term is not mandatory, among such cases being Hardin v. Blackshear, 60 Tex. 132; Berry v. T. & N. O. Ry. Co., 60 Tex. 654; Gallagher v. Goldfrank, 63 Tex. 473; Allen v. Plummer, 71 Tex. 546, 9 S. W. 672; Scott v. Rowland, 14 Tex. Civ. App. 370, 37 S. W. 381; Petri v. Bank, 84 Tex. 154, 19 S. W. 380; Telegraph Co. v. Everheart, 10 Tex. Civ. App. 468, 32 S. W. 91; and Kenedy, Town & Improvement Co. v. Bank, 136 S. W. 559. It is equally well settled, however, that where a party complaining of the action of the trial court in denying him a jury failed to demand a jury in accordance with the statute, he must then affirmatively show, in order to reverse the action of the trial court in that regard, that he did all required of him by law in the way of securing a jury trial, before an appellate court would be authorized to hold that the trial court abused its discretion in denying him a jury, and though we concede that the article of the statute above mentioned, requiring demands for a jury to be made on the appearance day as to appearance cases, is not mandatory, but only directory, still, before appellant could successfully complain in this court of the action of the trial court in denying him a jury, he must show affirmatively by his bill in this connection that he paid or offered to pay the jury fee, as required by the statute, or that he made an affidavit of his inability to do so. This appellant has not done, and we must, for that reason, hold that he has not shown an abuse of discretion on the part of the trial judge in denying him a jury in this case, and this assignment is therefore overruled.

[2] On the trial of the case below the plaintiff, Pate, testified positively that he did not promise appellee to pay for the goods, wares, and merchandise sold to the said R. E. Miller and charged by appellee to appellant; that there was no such agreement or promise, either verbal or written. While, on the contrary, the witness K. W. Lee, man-

ager of the Woodville Mercantile Company, testified positively that appellant did expressly agree and promise to pay for such goods, wares, and merchandise, and that the same would not have been furnished to Miller but for such promise and agreement on the part of appellant. Further on in Lee's testimony, he stated that appellant said to him, when making the arrangements with him for these goods, wares, and merchandise to be furnished Miller, "but hold him down."

Now, by the second assignment of error found in appellant's brief, it is contended, in effect, that the judgment of the trial court is not supported by the evidence, because, as claimed by appellant in this connection, there was no proof on the part of appellee that it "held Miller down"; that the words "hold him down" should be held to mean that appellant only intended to pay for such goods, wares, and merchandise as were furnished Miller and were reasonably necessary for him to have, and that such words meant that if appellee should furnish Miller anything beyond what was reasonably necessary in the way of merchandise, then appellant was not to be bound therefor. In other words, it is the contention, under this assignment, that this part of Lee's testimony showed that there was only a conditional promise upon the part of appellant to be bound for the merchandise furnished Miller, and that appellee did not prove that it had complied with its part of the contract by "holding Miller down," and that such burden was upon the appellee, and that having failed to discharge this burden, the court was not warranted in finding liability against appellant for the merchandise, etc., furnished Miller. We dispose of this by saying, first, that in our opinion the testimony of Lee mentioned, that is, the words "but hold him down," did not make a promise on the part of appellant to pay for the merchandise furnished Miller a conditional one, but was more in the nature of a request on the part of appellant to Lee to discourage Miller against extravagant purchases.

[3] But if mistaken in this view, the assignment cannot be sustained for this reason: As stated above, appellant filed a motion for a new trial in this case, and then filed an amended motion, and in neither of such motions was the matter here complained of mentioned. In other words, the insufficiency of the evidence as now complained of to warrant the trial court's judgment was not made a ground for a new trial in either of the motions. It is true, by an independent assignment of error filed in the trial court, after the motion for new trial had been overruled, this point was raised and brought forward in appellant's brief. Now it is provided by Rule 101a (159 S. W. xi), governing the trial of causes in the district court, as follows:

"In all cases in which a motion for new trial is filed, the assignments contained in such motion or amended motion as finally ruled upon by the trial court shall constitute the assignments of error. All errors not distinctly specified in such motion, or in the assignments of error where a motion for new trial is not filed, shall be waived; but an assignment shall be sufficient which directs the attention of the court to the error complained of, without the necessity of stating therein the reasons for which it is claimed to constitute such error, which reasons shall be submitted in propositions under the assignment."

It is clear that the above-quoted rule required that the insufficiency of the evidence on the point here under consideration should have been presented by the motion for a new trial for the consideration of the trial court, in order that it may be brought forward in appellant's brief for consideration by this court as an assignment of error. The assignment is therefore overruled.

[4] The trial court, over the objection of appellant, permitted one Dallas Young, while on the witness stand, to testify, substantially, that he (Young) was a grain merchant in the town of Woodville, and that appellant, Pate, had requested him to let Miller have feed, etc., from his grain store, and that he (appellant) would pay for the same, and further that in accordance with such request and agreement, Young did furnish feed to Miller and appellant did pay for the same. The objection, stated substantially, was that the testimony was irrelevant and immaterial to the issue in this case, which was whether or not appellant had promised the Woodville Mercantile Company to pay for merchandise sold to Miller; that even if appellant did make the arrangements for Miller at the store of the witness Young, as testified to by the latter, and then paid the bill, that it had no tendency to prove that he also made similar arrangements with the Woodville Mercantile Company for merchandise for Miller, and that such testimony was highly prejudicial to appellant.

[5] The assignment must be overruled for two reasons: First because the appellant himself, while on the witness stand, testified to the very same facts as did the witness Young. In other words, he testified that he did make arrangements for feed for Miller at Young's store, and paid therefor, and stated his reasons for doing so. Therefore, the action of the court in permitting the evidence of Young, if error, was harmless. In the second place, the trial was before the court without a jury, and it is well established by an unbroken line of decisions in this state that improper or incompetent evidence admitted on a trial before the court will not be grounds for reversing the judgment, unless it be made to appear, affirmatively, that such improper and incompetent evidence influenced the court in reaching its judgment. There is no such showing by this record, and in the absence of such showing, the presumption is that the court did not consider the testimony of Young in reaching its judgment. This assignment is therefore overruled.

The fourth assignment relates to the admission of evidence admitted over appellant's objection, but it is unnecessary for us to determine whether the evidence was properly admitted or not. It was not of a character sufficiently important to have any influence with the trial court in reaching its judgment in this case, and there is no showing in the record that the court was influenced in the least by the testimony complained of. Therefore, as said with reference to the above assignment, it will be presumed that the court did not consider it in reaching its judgment.

We have considered the fifth assignment, and without discussing it, we have concluded that it shows no error, and cannot be sustained, and it is therefore overruled.

This disposes of the case, and it follows that the judgment should be affirmed, and it will be so ordered.

### On Motion for Rehearing.

At a former day of this term, the judgment in this cause was affirmed, and appellant has, within due time, filed a motion for a rehearing. After careful consideration of this motion, we have reached the conclusion that we were in error in overruling appellant's first assignment of error, which challenged the action of the trial court in declining to permit appellant to take a jury at the time the case was called for trial.

[6] In the original opinion, we said, substantially, that it appearing that appellant was in default in making his demand for a jury trial, it was incumbent upon him to show, affirmatively, that he did everything that he was required by law to do, before he could complain of the action of the trial court in denying him a jury, and we stated in that connection that the bill of exceptions saved to the action of the trial court in that regard failed to show, affirmatively, that appellant tendered a jury fee or made affidavit that he was unable to do so, etc., and we thought that in the absence of such showing by the bill of exceptions, reversible error was not shown. After further consideration of the matter, however, we have concluded that the showing made by the bill clearly negatives any presumption or conclusion that the trial court refused a jury because of any failure on the part of appellant to tender a jury fee or make affidavit of inability to do so. The bill shows, we think, on the contrary, that the only reason a jury was denied was because the trial judge had made it a rule in his court that

he would not permit a jury in any case unless demanded on the very day that the statute required such demand to be made. The bill says, in so many words, that such was the reason for the refusal of the jury. If we look to the qualified or amended bill of exceptions that was procured after the court had adjourned, and brought to this court by certiorari, the situation is not changed. The amended bill, or qualified bill, itself shows that the jury was denied because not demanded on the day that it should have been demanded, and negatives any conclusion or presumption that the failure to tender a jury fee or make affidavit of inability to do so, actuated the court, although the qualified bill does state that the trial court would have granted a continuance, but would not relax the trial court's rule. We think, if we should look to this qualified bill at all, that appellant was entitled to have his cause tried when it was reached on the docket for trial in its regular order, and that the court should not have laid, as a condition for allowing appellant a jury, a postponement of his cause to a subsequent term. The bill of exception shows, affirmatively, that at the very time the case was called for trial below, there was a regular jury in attendance and sitting in the courtroom, and taken together and as a whole, both the original bill of exception and the qualified bill show clearly, we think, that there was no reason for refusing appellant a jury in this case, since it must be conceded that the statute which required the demand in this case to be made on the second day of the term is not mandatory, but only directory.

We are persuaded largely, in granting this rehearing, by the holding of the Supreme Court in the case of Blair v. Paggi, decided by this court and found reported in 219 S. W. 287. The Supreme Court granted a writ of error in that case, and in doing so made a notation on its docket, substantially to the effect, as we are informed, that the trial court was in error in refusing to allow the appellant a jury in this case, and that this court erred in overruling the appellants' assignment in this court on that point. If this court was in error in overruling the appellants' assignment in the Blair-Paggi Case, relative to the trial court's action in refusing a jury to those appellants, then we have no doubt that our former opinion in this case on the same question was error. It is the opinion, however, of the humble members of this court, that the Supreme Court, if it adheres to what its docket notation would indicate in the Blair-Paggi Case, will have gone further than any other case in Texas in holding that the trial court abused its discretion in not allowing a jury. It is but reasonable, however, to suppose

that the Supreme Court will so hold, in view of its notation above mentioned.

Entertaining these views, the motion for rehearing is granted, and the judgment of the trial court reversed, and the cause remanded because of the error in denying appellant's demand for a jury. But in all other respects we adhere to our views, as expressed in the original opinion, and have no doubt of the disposition made by us of all the other assignments of error.

Reversed and remanded.