### HARDIN v. MAJORS et al. (No. 1972.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 6, 1922. Rehearing Denied Jan. 3, 1923.)

1. **Dismissal and nonsuit ⊙⊃19(1)—Permitting nonsuit which had effect of setting aside order consolidating cases error.**

Where separate actions for commissions for the sale of an oil lease were consolidated and defendant's answer alleged that he was the owner of the lease but that other brokers had consummated a sale and the purchasers were to pay the commissions out of oil runs, that he had made no contracts with plaintiffs and was not bound to pay commissions to other brokers, but that if the other brokers were entitled to recover they must recover from purchaser unless by defendant's actions since the execution of the contract he had become liable, and the other brokers were impleaded, permitting plaintiff to take a nonsuit was error, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 1955, which permits the taking of a nonsuit, but that it shall not prejudice the right of an adverse party to be heard on claim for affirmative relief.

2. **Interpleader ⊙⊃21—Rule as to tender of money into court held inapplicable under facts.**

In separate actions by brokers for commissions on the sale of an oil lease, where defendant impleaded other brokers and alleged a contract whereby purchaser procured by the other brokers was to assume the commission, the rule that a party relying on interpleader must tender the money into court or offer to pay party adjudged to be entitled to it was inapplicable.

3. **Torts ⊙⊃12—Party interested in contract may legally interfere with its execution.**

A party to or interested in a contract may by legal proceedings or otherwise in good faith interfere with its execution, where there is a bona fide doubt as to his rights under it.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Actions by A. W. Majors against J. J. Hardin, and by H. E. Reed against J. J. Hardin. Cases consolidated. From judgment rendered, defendant appeals. Reversed and remanded.

Bonner, Bonner & Sanford, of Wichita Falls, for appellant.

Thompson, Knight, Baker & Harris and Irish & Henderson, all of Dallas, and Bull-

ington, Boone, Humphrey & Hoffman, of Wichita Falls, for appellees.

HALL, J. On April 20, 1920, the appellee Majors, a real estate broker, filed his suit against appellant Hardin in the Thirtieth district court of Wichita county, to recover the sum of $32,500, which he alleges Hardin owed him for his services as broker in procuring the Eastland Oil & Refining Company as the purchaser of an oil lease owned by Hardin.

On May 5, 1920, H. E. Reed, another broker, filed his petition in the same court, to recover commissions in the same sum, alleging that he was the procuring cause of the sale to said purchasers. He alleges that his services were rendered upon request of Majors, who was authorized by Hardin to employ him for that purpose. On June 26, 1920, Hardin answered in the Majors case, admitting that the lease had been sold to the Eastland Oil & Refining Company by written contract of sale containing a stipulation that a large part of the purchase money, not to exceed $32,500, should be paid in oil, or the proceeds thereof, to be obtained from the lease to Seay, Cranfil & Co., a firm of real estate brokers, and to J. C. Crane, Jr., another broker acting with them; that the stipulation was made upon representations by said brokers that they, acting together, procured said purchaser. He further alleged that Seay, Cranfil & Co. and Crane were suing him to recover said commissions. He prayed that the suits instituted by Majors and Reed be consolidated and tried as one, and that he have citation for Seay, Cranfil & Co. and J. C. Crane. He further prayed that the Eastland Oil & Refining Company be made a party since as assignees of the lease they had assumed to pay the commissions due Seay, Cranfil & Co. and Crane out of the oil runs, and that all of said parties be required to litigate their rights in the consolidated case, and that he be protected from double recovery. The transcript contains nearly all of the original and amended pleadings of the parties, together with several supplemental pleadings, which contain matters not properly in such pleadings, but which should have been presented by separate motions. Some of these matters are not in due order of pleading. Because of these facts we have experienced great difficulty in obtaining a definite knowledge of the issues and suggest that upon another trial the court should order a repleader. Because of the uncertainty and prolixity we will not undertake to make a detailed statement of the numerous pleadings and will quote from them in the discussion of the several propositions as occasion requires.

The first proposition is predicated upon assignments attacking the action of the trial judge in denying the appellant's demand for a jury. Since the case has been briefed, the Supreme Court has granted a writ of error in the case of Blair v. Paggi (Tex. Civ. App.) 219 S. W. 287; Id. (Tex. Com. App.) 238 S. W. 639, construing the statutes relating to the payment of jury fees and the right of the parties to a jury trial in accordance with the appellant's contention. Appellee frankly admits that under the authority of this case the judgment must be reversed. We will therefore now discuss the first proposition.

[1] The order of the court, consolidating the Majors case with the Reed case, is not in the transcript, but it is apparent from the entire record, and the briefs of counsel, that the order was made and no exception reserved to it. It further appears that after consolidation the court, over the objection of appellant, permitted Majors to take a nonsuit without prejudice to his right to file another suit against appellant for the recovery of the commission alleged to be due him. This action is made the basis of appellant's second and third propositions, by which it is insisted that since appellant has, in his pleadings and cross-action, asked affirmative relief against both Reed and Majors, the court erred in permitting the nonsuit. The right of a party at any time to dismiss his action subject to certain conditions is governed largely by Vernon's Sayles' Ann. Civ. St. art. 1955. It occurs to us that this point is only incidental to the real question presented, which is the right of one holding a fund to interplead and have tried in one action the claims of all parties to such fund. This right is liberally construed and under the practice in this state has generally been permitted. We think the court's order in consolidating the cases was correct and in permitting Majors to take a nonsuit had the effect of setting aside the order. By his amended answer, a portion of which is in the nature of a bill of interpleader, the appellant alleges that he was the owner of the lease sold on April 19, 1920; that Ton E. Cranfil, of the firm of Seay, Cranfil & Co., represented to him that his firm had a purchaser for the lease and that the said purchaser was financially responsible and was connected in a business way with certain well-known, wealthy parties at Dallas. He alleges that he relied upon Cranfil's statement that the Eastland Oil & Refining Company, the proposed purchaser, was solvent; that its president was an influential business man of Dallas, engaged in banking and in refining oil; that he agreed to sell his lease for $575,000 cash, which proposition was not accepted, but that Seay, Cranfil & Co. and Crane made a counter proposition whereby he should receive $50,000 cash, the purchaser to pay said brokers their commission out of the oil runs and the remainder of the purchase price to be evidenced by certain notes; that he would not have sold the lease for such a small cash payment to the Eastland

Oil & Refining Company, but for the assurance given him by said brokers of the solvency of the purchaser and of the parties connected with it; that he would not have agreed to pay any commissions upon a sale where the cash payment was so small; that by the terms of the written contract of sale Seay, Cranfil & Co. and Crane agreed to release appellant from his liability for the commissions and to accept the purchaser in his stead, and to be paid by said purchaser monthly out of the oil runs.

[2] It appears from the petitions filed by Reed and Majors that they are seeking to recover commissions for the sale of the same lease to the Eastland Oil & Refining Company. The appellant alleges that he made no contract with them and is not personally bound by his contract of sale to pay a commission to Seay, Cranfil & Co. or Crane. It is true that a seller may, by specific contracts made with different brokers, become liable to pay each of them for their services; but, as we understand the pleadings, this case did not come within the rule. The appellant admits the sale and that there is a commission due some one of the interpleaded parties. If Seay, Cranfil & Co. and Crane are entitled to recover, then, according to his allegations, they must recover from the purchaser, unless by some action of Hardin's since the execution of the contract he had become liable. We think the court erred in permitting Majors to take a nonsuit. Williams v. Simon (Tex. Civ. App.) 235 S. W. 257, and authorities cited. The party relying upon a bill of interpleader must ordinarily tender the money into court or offer to pay the party adjudged to be entitled to it, but we think this rule does not apply to this case under the appellant's allegations denying the right of Majors and Reed to recover if Crane and Seay, Cranfil & Co. also recover, and setting up the special contract with Crane and Seay, Cranfil & Co., who had agreed to accept payment out of the oil runs from the purchaser. 14 Stand. Proc. 193; Baker v. Crosbyton, etc., Ry. Co. (Tex. Civ. App.) 146 S. W. 569, 573; Murphy v. Barron, 286 Mo. 390, 228 S. W. 492. It has ever been the policy of the Texas courts, where it was possible to do so, to litigate all matters between diverse claimants in one action, to avoid a multiplicity of suits. Clegg v. Varnell, 18 Tex. 304; Herring v. Mason, 17 Tex. Civ. App. 559, 43 S. W. 797.

As we interpret the amended answer filed by Seay, Cranfil & Co., they are seeking to recover of appellant because of his wrongful and illegal interference with the payment of the amounts due them under the contract and assignment. They set out the fact of the assignment by way of inducement to show primarily their right to the commissions. If we are correct in this, their pleading is not subject to the exceptions and objections urged by the fourth and fifth prop-

ositions. The answer and cross-action of Crane is clearly a suit of this character, and for the reasons stated may be sufficient.

By the seventh and eighth propositions appellant complains of the error of the court in permitting an amendment to pleading setting up new matter after the rendition of the judgment. The record does not sustain these assignments. The error, if any, will not occur upon another trial.

[3] It is urged by the eleventh proposition that a resort in good faith to legal proceedings for the purpose of having rights determined in regard to which there is a bona fide doubt is not actionable and cannot be made the basis of damages, and where a defendant, who has paid a commission on the sale of an oil lease to two brokers, by giving written assignments pro tanto of certain future oil runs to be paid by the assignee, is sued by two other brokers for commissions on the same sale, and files an answer impleading the first two brokers and such third party, so that all conflicting rights may be determined, a judgment against him for damages predicated on the theory that such answer was a wrongful interference with the collection by the first two brokers of the fund assigned to them is erroneous and should be reversed. The soundness of this proposition depends entirely upon the evidence. As we understand the rule in Texas, a party to or interested in a contract may, by legal proceedings or otherwise in good faith, interfere with the execution of the contract where there is a bona fide doubt as to his rights under it. The president of the Eastland Oil & Refining Company testified that Seay, Cranfil & Co., and Crane were not paid the monthly installments due them under the assignment and agreement with reference to it because his company had no funds with which to make payment, and there is evidence tending to show that Hardin did not mention the matter to the president of the company until about the 1st of September after he had filed his original answer in the Majors suit. The appellant alleges that he entered into the contract stipulating that the Eastland Oil & Refining Company should pay Seay, Cranfil & Co. and Crane out of the oil runs and executed the assignments authorizing that to be done under a mutual mistake of facts, and, while his allegations do not charge actual fraud, in the absence of a special exception they may be sufficient to charge legal or constructive fraud. In either event, if these facts are true, he would be entitled to have the assignments annulled. The right of a party to recover damages against one who, without legal excuse, induced another to breach a contract with a third party, was first announced in Raymond v. Yarrington, 96 Tex. 443, 72 S. W. 580, 73 S. W. 800, 62 L. R. A. 962, 97 Am. St. Rep. 914. The question has been frequently considered in this state since and the general

rule there announced reaffirmed. Day v. Hunnicutt (Tex. Civ. App.) 160 S. W. 134; Bowen v. Speer (Tex. Civ. App.) 166 S. W. 1183; Griffin v. Palatine Insurance Co. (Tex. Com. App.) 235 S. W. 202; Richardson v. Terry (Tex. Civ. App.) 212 S. W. 525; Sonnenberg v. Hajek (Tex. Civ. App.) 233 S. W. 563. This holding seems to be in accord with the great weight of authority. 15 R. C. L. "Interference," §§ 17, 18, and 19.

The remaining propositions attack the judgment because the evidence is insufficient to support it. Since the case must be reversed, we will refrain from discussing this feature of the case.

For the reasons stated, the judgment is reversed, and the cause remanded.