WILLIAM DEAN v. CHARLES C. SWEENEY.

1. TRIAL BY JURY—RIGHT TO DEMAND JURY.—A party has a right to trial by jury by paying the jury fee, or by making the statutory oath in lieu of payment, at any term of the court before final trial, if demand be made by 9 o'clock A. M. of the day set for the trial of jury cases for the term.

2. SAME.—Such right is not affected by failure to claim or waiver of a jury at a preceding term.

APPEAL from Galveston.    Tried below before the Hon. William H. Stewart.

*Waul & Walker,* for appellant.

*Ballinger, Jack & Mott,* for appellee.

BONNER, ASSOCIATE JUSTICE.—In this case there is but one

point presented for our determination, and which is shown by the following recital in the bill of exceptions taken on the trial below:

"The court held that said cause was not entitled to be placed upon the jury-case trial docket, upon the ground that the jury fee was not tendered at the first term of the court after the filing of the petition."

The objects of the acts of the fifteenth Legislature, 78 and 170, were to lessen the expenses and correct some of the evils connected with the practical workings of our jury system as then organized. They were not intended, however, as an abridgment of the common law and constitutional right of trial by jury, further than would result from a wholesome regulation of the system, and should not, by too liberal construction, be extended beyond the legitimate objects to be accomplished.

We are of opinion, that, under the statute, a party who demanded a jury and tendered the required fee, or made the oath permitted in lieu thereof, by 9 o'clock A. M. on the day of the court set by the presiding judge for the trial of jury cases, had the right to have his cause entered upon the "jury-case trial docket." That the fact that his case may have been brought to a preceding term of the court should not deprive him of this right, but that reasonable time and opportunity, in the discretion of the presiding judge, should be allowed him at such term for its exercise. That if, at a preceding term, a jury had been waived or demanded, this should not control the right in the discretion of a party to demand at a succeeding term a trial by jury which had before been waived, or to waive such trial which had before been demanded.

For the error of the court in refusing the demand for a jury, under the circumstances shown by the record, the judgment must be reversed and the cause remanded.

REVERSED AND REMANDED.