No. 2573.

W. J. ALLEN, GUARDIAN, ETC., v. J. G. PLUMMER ET AL.

1. PAYMENT OF JURY FEE.—The failure to pay the jury fee on the first day of the term does not forfeit the right to a jury when such failure does not operate to the prejudice of the opposite party.

2. SAME.—A party demanded a jury on the first day of the term, paid the fee on second day, the case was called on the third day of the term, the jury cases on the civil docket were set for the second week of the term, *Held*, error to disregard the demand for a jury and proceed to try the cause.

APPEAL from Bowie. Tried below before the Hon. W. P. McLean.

The action of the court complained of in this appeal was the refusal by the court to recognize the case as upon the jury docket when the case was reached on the call of the non jury docket. The facts in the record show that on March 5, 1888, the first day of the term, the civil docket was called for orders, and for calls for jury. A jury was demanded upon this call, but the jury fee was not paid until Tuesday, March 6, when the case was entered by the clerk upon the jury docket. No jury was in attendance the first week of the court. The civil jury docket appears to have been set for the second week of the term. The case was reached on Wednesday. The plaintiff at the time insisted upon his right to a jury. The demand was refused. The plaintiff also insisted that the jury fee had not been paid, on account of a remark by the judge on the first day of the term in calling the docket that "parties would be permitted to pay the jury fee at any time before the case was reached for trial." This remark is qualified by the trial judge, and the explanation is set out in the opinion.

*F. M. Henry* and *Henry & Henry*, for appellant. The Constitution declares that "the right of trial, by jury, shall remain inviolate; the Legislature shall pass such laws, as may be necessary to regulate the same and to maintain its purity and efficiency." Constitution, art. 1, sec. 15; Gallagher v. Goldfrank, 63 Texas, 473; Allyn v. Willis, 65 Texas, 65.

*Talbot & Turner*, for appellees: If a jury be demanded by one party to a suit, and the jury fee is not paid on the first day of the term, and there is no jury in attendance when the case is regularly reached and called for trial, and any injury is likely to result to the other party to the suit, by allowing the cause to be placed on the jury docket to be tried thereafter by a jury. or the business of the court or trial of the cause in any manner thereby delayed. a jury will not be allowed. (Rev. Civil Stats,, art. 3066; A. B. Harden v. B. J. Blackshear, 60 Texas, 132; Gallager & Co. v. Goldfrank, Frank & Co., 63 Texas, 473.)

GAINES, ASSOCIATE JUSTICE. The appellant who was plaintiff in the court below having been denied a jury, and having upon

the trial before the court failed of a recovery to the extent of his demand, assigns as error the action of the court in trying the case without a jury. The bill of exceptions shows that the demand for a jury was made by appellant on Monday, the first day of the term, but that the fee was not paid, and the case placed on the jury docket until the next day. It is also stated in effect, that the delay was caused by an announcement from the bench, that "parties would be permitted to pay the jury fee at any time before the case was reached for trial." The judge appends to the bill of exception a modification that in reference to any inquiry on the subject he stated from the bench, "that in cases where demand for jury is made on the day prescribed by law and the fee is paid on a subsequent day, that when such case is called for trial and there is no jury in attendance that he would use the discretion to permit a jury in such case; but when such case is called and there is no jury in attendance, then he would not on objection by the other side, permit a case to be delayed by placing it on the jury docket. In this case to have granted plaintiff's request to place the case on the jury docket would have delayed a trial at least until another term."

It has been, in effect, held by this court that articles 3064 and and 3066 of the Revised Statutes, which directs that the demand for a jury shall be made and the jury fee paid upon the first day of the term, are not strictly mandatory, and that the failure to make the payment on that day does not forfeit the right to have a trial by jury, when such failure does not operate to the prejudice of the opposite party. (Allyn v. Willis, 65 Texas, 65; Gallagher v. Goldfrank, 63 Texas, 473; Hardin v. Blackshear, 60 Texas, 473; Berry v. Railroad, 60 Texas, 654.)

Applying this rule to the case before us, we think the court erred in not passing the case until the call of the jury docket, and in trying the case without a jury. It is true that the trial judge says in explanation of his action that the result of a compliance with plaintiff's demand would have been to deprive the defendants of a trial until the next term of the court, from which we infer, as the jury docket had not been called, that in his opinion the time of court and the state of that docket would not admit of the case being reached at the then existing term.

Conceding that such was the fact, we fail to see that this condition of affairs was brought about by the plaintiff's delay in paying the jury fee. If the payment had been made on

Monday, the result would have been precisely the same. By failing to deposit the fee on the first day the plaintiff did not so far forfeit his right to a jury trial that the court had the discretion to refuse it merely because the defendant would thereby be delayed in getting a hearing, the danger of delay in the hearing not having been caused by the failure to make the deposit at the time specified in the statute. If the jury docket had been disposed of before the case was reached on the general docket, and the fee had then been paid, the case would have been materially different. In such a case to accede to a demand for a jury is calculated to cause delay prejudicial to the right of the opposite party, resulting from the laches of the party making the demand.

That any prejudice would have resulted to defendants from allowing the jury in the present case is not apparent to us, and therefore the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered October 23, 1888.