### A. C. PETRI & BRO. v. LINCOLN NATIONAL BANK.

#### No. 3228.

1. **Refusal of Jury Trial.**—Suit was brought May 9, 1890. Answer was filed September 27, 1890. Jury was demanded by defendants April 24, 1891. It had been ordered by the court that no jury cases would be tried during the term. The trial docket had been apportioned, and on the day of the apportionment for this case the defendants made application for a jury. In such condition, as the demand if acceded to would have continued the case, it can not be held that the plaintiff would not have been prejudiced by allowing a jury; its refusal, therefore, was not error nor ground for reversal of judgment rendered at the term.

2. **Cases Adhered to—Right to Jury.**—Allen v. Plummer, 71 Texas, 546; Allyn v. Willis, 65 Texas, 65; Gallagher v. Goldfrank, 63 Texas, 473; Hardin v. Blackshear, 60 Texas, 132, adhered to.

APPEAL from Dallas. Tried below before Hon. R. E. BURKE.
The opinion states the case.

*McCormick & Spence,* for appellants.—Articles 3064 and 3066, which direct that the demand for a jury shall be made and jury fee paid upon the first day of the term, are not strictly mandatory. A jury may be demanded and the jury fee paid at any time before the case has been disposed of, unless the doing so shall be prejudicial to the rights of the opposite party; and the mere fact that the placing of the case on the jury docket will prevent a trial until a subsequent term is not sufficient to authorize the judge to exercise his discretion and refuse to place the

case on the jury docket. Allyn v. Willis, 65 Texas, 65; Gallagher v. Goldfrank, 63 Texas, 473; Hardin v. Blackshear, 60 Texas, 132; Allen v. Plummer, 71 Texas, 546; Rev. Stats., arts. 3064, 3066.

*Crawford & Crawford,* for appellee.

GAINES, Associate Justice.—The sole question in this case is whether or not the court erred in refusing the appellants' demand for a jury. In respect to that question, the case is similar to that of the same appellants against the First National Bank of Fond du Lac, decided at a former day of this term (83 Texas, 424). The opinion in that case was delivered by Judge Hobby, of the Commission of Appeals, and was approved by this court. It was there held, that the court did not err in proceeding to try the issues without a jury, although the appellants had made a demand therefor.

But there is a difference between the two cases. There the jury docket for the term had been called and disposed of before the demand for a jury was made. In this case it appears, that at no time prior to the day on which the demand was made "had the jury docket been taken up, and no case on said jury civil docket had been called for trial; but the court had made an order on the first day of the term that no cases on the jury civil docket would be called for trial at said term." Does the fact that the jury docket had not been called for trial make a substantial difference between the two cases? The Constitution secures the right of trial by jury (art. 1, sec. 10), but provides, that in order to avail themselves of that right parties shall make application therefor in open court, and shall make a deposit of a jury fee, or make an affidavit of their inability to make such deposit. Art. 5, secs. 10, 17. The time of making the application was left to be regulated by the Legislature. The Revised Statutes provide, that "Any party to a civil suit in the District or County Court desiring to have the same tried by a jury shall make application therefor in open court on the first day of the term of the court at which it is to be tried, unless the same be an appearance case, in which event the application shall be made on default day." Sayles' Civ. Stats., art. 3061. This suit was brought May 9, 1890, and the answer was filed on September 27 of the same year. The demand for a jury was not made until April 24, 1891. Notwithstanding the fact that the language of the statute would ordinarily be deemed mandatory, it has been ruled, that the failure to pay the jury fee upon the first day of the term does not deprive a party of the right of trial by jury, unless it should operate to the prejudice of his adversary. Allen v. Plummer, 71 Texas, 546, and cases there cited. It is not held that a party is not at fault who has failed to make his demand on the day prescribed by the statute; but that in view of the importance of the right to a jury trial, the privilege will not be denied him although he has

been dilatory, in case the opposite party is not deprived of any right. In this case it was the right of appellants to demand a jury on the first day of the term; and it may be that if such demand had been made, under the general order of the court which continued the jury docket to the next term they would have obtained a continuance of the cause. But having failed to make the demand, the appellee became entitled to have his case tried at that term, and the court could not have granted the motion to place the case upon the jury docket without depriving it of that right. We believe no case can be found in which it has been held that a demand for a jury should be allowed after the jury has been discharged for the term. In most of the cases in which it has been held error not to grant a jury trial, the demand was made on the first day of the term and there was an offer to make the deposit of the fee upon a subsequent day, while the juries were subject to the control of the court. Allyn v. Willis, 65 Texas, 65; Gallagher v. Goldfrank, 63 Texas, 473; Hardin v. Blackshear, 60 Texas, 132; Allen v. Plummer, 71 Texas, 546. In Berry v. Railway, 60 Texas, 654, an inefficient affidavit was filed at the proper term, and it was held error to refuse to permit the plaintiff to file an amended affidavit when the case was called for trial and to have a jury pass upon the issues. In Allen v. Plummer, supra, the demand was made on the first day of the term and the jury had not been in fact discharged, and the refusal to grant a jury trial was held error, although the judge below was of the opinion that to grant the demand would have worked a continuance of the case. That case pushes the doctrine to the extreme verge of propriety, and we are averse to proceeding further on that line.

In this case the demand was first made upon the day the case was set down for trial, upon an assignment of the docket made by the court. In such a case a party may be present with his witness ready to try his cause. Can it be said he would not be prejudiced by the court acceding to a demand for a jury by the opposite party, when the necessary result of such action is a continuance for the term? We think not.

We conclude the case comes under the rule which is followed in Petri v. Bank, supra, and in Cabell v. Shoe Company, 11 Southwestern Reporter, 811, there cited, and the judgment is therefore affirmed.

*Affirmed.*

Delivered March 25, 1892.