**BLAIR et al. v. PAGGI et al.** (No. 268–3492.)

(Commission of Appeals of Texas, Section A. March 15, 1922.)

1. **Jury** &#x29B0;25(1)—**Right fixed and inviolate on compliance with statute as to demand and payment of jury fee.**

Upon compliance with Rev. St. 1911, arts. 5174 and 5175, relative to demand for jury trial and payment of the jury fee, the right to a jury trial becomes fixed and inviolate under Const. art. 5, §§ 10, 17.

2. **Jury** &#x29B0;25(6)—**Delay in demanding and paying fee does not defeat right if adverse party not prejudiced.**

Though a party has been dilatory in complying with Rev. St. 1911, arts. 5174 and 5175, relative to demanding a jury trial and paying the jury fee, a jury trial will not be denied if the adverse party is not deprived of any right.

**3. Jury ⊘25(6)—Should have been granted when demanded and fee paid while jury still in attendance.**

Where the term of court began on December 9th, the time assigned to the jury docket extended to January 31st, and the jury was not discharged until January 21st, plaintiffs' demand for a jury trial made January 7th, and accompanied by payment of the jury fee, should have been granted in the absence of anything to show that the orderly handling of the docket would have been interfered with, the trial delayed, or defendants injured.

**4. Jury ⊘25(8)—Demand sufficient without requesting setting of case on jury docket or notice to adverse party.**

Plaintiffs became entitled to a jury trial by making a demand therefor, and, when such demand was refused, it was not incumbent on them thereafter to request the court to set the case for trial on the jury docket or give notice to defendants of their action.

**5. Jury ⊘28(1)—Plaintiffs not estopped from demanding because case partly tried at preceding term and then set for definite date.**

That a case had been partly tried at a former term, and then, because of illness of counsel, suspended until a definite date in the following term during the week set aside for nonjury cases, did not estop plaintiffs from demanding a jury at the subsequent term at a time when a jury was still in attendance, and available for three weeks, the last week of which was not needed for other jury trials.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Action by Frank Blair and others against Ed Paggi and others. A judgment for defendants was affirmed by the Court of Civil Appeals (219 S. W. 287), and plaintiffs bring error. Reversed and remanded.

Jas. H. Rachford and Geo. C. O'Brien, both of Beaumont, for plaintiffs in error.

Crook, Lord, Lawhon & Ney, of Beaumont, J. S. Wheless, of Kerrville and Chas. D. Smith, and Smith & King, all of Beaumont, for defendants in error.

SPENCER, P. J. Plaintiffs, through W. Howth, attorney, filed this suit on August 3, 1918, to restrain defendants from selling under a trust deed the property described in the pleadings, and upon hearing a temporary order was granted restraining the sale of the property.

Being an appearance case at the September term of court—which term began September 16, 1918, and ended November 30, 1918—and no jury having been demanded when it was called on that date, it was set for trial on the nonjury docket for the week beginning Monday, November 23, 1918.

Plaintiffs in their bill of exceptions No. 2 charge that Howth and Fleming continued to represent them in all the proceedings of the case until November, the 28th, when they withdrew from the case and notified plaintiffs of their retirement. It was on this date that the case was called for trial, and plaintiffs informed the court that they were not ready, because Mr. George Holland of Orange, Tex., their leading attorney, could not be present. The court, after communicating with Mr. Holland over the telephone concerning his connection with the case, informed plaintiffs that Mr. Holland denied that he was the leading counsel in the case, but had agreed that he would attend the trial if his other engagements permitted, on the condition that they employ a Beaumont attorney as leading counsel. Plaintiffs not having denied the correctness of Mr. Holland's version of the agreement, the court informed them that they must go to trial. At this point Mr. James Rachford volunteered his services, and at his request the court postponed the case until November 29th. On this date he was joined and assisted by Judge George O'Brien. Upon being called upon on November 30th for an announcement, plaintiffs' counsel stated to the court that their announcement would depend upon the court's ruling upon their exceptions, which they were then preparing; that if the court's ruling was adverse an application for continuance would be made. At the court's suggestion the exceptions were made orally, and overruled by the court. Following this action, an application for continuance was made and overruled.

The court then announced that, being in the midst of the trial, it would extend the term, and did enter an order extending the term of court, until the conclusion of the trial; but would not, on account of the lateness of the hour, commence hearing testimony until Monday, December 2d. On this date, plaintiffs renewed their application for continuance, the ground therefor being: (1) That the court was not, on November 30, 1918, in the midst of the trial of the cause within the meaning of article 1726 of the Revised Civil Statutes of 1911, and that the trial was one in vacation, and all proceedings, in virtue of the order extending the term, were illegal and void; (2) that, due to the unexpected retirement of the attorneys originally representing them, they had no opportunity to get other counsel or to procure a jury; and (3) that their volunteer counsel had had no opportunity to acquaint themselves with the case or of preparing it for trial.

This application was overruled, and the introduction of evidence commenced, and continued until December 4, 1918, when, by an agreement entered into in open court, the trial was suspended, due to the sickness of Judge O'Brien, until February 3, 1919.

On the 5th day of December, A. D. 1918, the court entered an order closing the min-

---

⊘For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

utes of the September term at 11 o'clock a. m. on that date.

The December term of court began on December 9, 1918, and ended February 15, 1919. The week beginning January 21, 1919, was the last week for jury cases. When the case was called on February 3d, plaintiff again objected to going to trial without a jury. The court refused the request for a jury trial, and states as reasons therefor: That the jury fee was paid several weeks after the agreement to suspend the trial until February 3d; that the week beginning February 3d was for nonjury cases, and no jury was in attendance, or would be in attendance during the remainder of the term.

Judgment was rendered dissolving the temporary injunction, and that plaintiffs take nothing by their suit. Upon appeal the judgment was affirmed. 219 S. W. 287.

[1] To secure the right of trial by jury in a civil case, as guaranteed by the Constitution, there must be a demand for a jury and a payment of the jury fee, in advance, under such regulations as the Legislature may prescribe; or an affidavit by the party demanding it of his inability to pay such fee. Const. art. 5, §§ 10 and 17. Pursuant to the duty enjoined upon it by the Constitution with regard to the regulations necessary to fix this right, the Legislature has provided that the application to have the cause tried by a jury shall be made in open court on the first day of the term of the court at which the suit is to be tried, unless it be an appearance case, in which event the application shall be made on default day. Articles 5174 and 5175, Revised Civil Statutes of 1911. Upon compliance by the party desiring a jury with these provisions of the statute, the right to a trial by jury becomes, by force of the Constitution, fixed and inviolate.

[2] If, however, the party has been dilatory in complying with the provisions of the statute, the privilege of a trial by jury will not be denied him if the opposite party is not deprived of any right. This rule is clearly stated by Judge Gaines, speaking for the Supreme Court in Petri v. Lincoln National Bank, 84 Tex. 153, 19 S. W. 379. He says:

"Notwithstanding the fact that the language of the statute would ordinarily be deemed mandatory, it has been ruled that the failure to pay the jury fee upon the first day of the term does not deprive a party of the right of trial by jury, unless it should operate to the prejudice of his adversary. Allen v. Plummer, 71 Texas, 546, 9 S. W. 672, and cases there cited. It is not held that a party is not at fault who has failed to make his demand on the day prescribed by the statute, but that, in view of the importance of the right to a jury trial, the privilege will not be denied him, although he has been dilatory, in case the opposite party is not deprived of any right."

[3, 4] In this case the trial court stated in his qualification to plaintiffs' bill of excep-

tions that they demanded a jury on January 7, 1919. It is admitted and uncontradicted that the jury fee was actually paid on that date. The Court of Civil Appeals also found as a fact that the demand for a jury was made on that date. In view of the certificate of the trial judge and of the finding of the Court of Civil Appeals that a jury was demanded on January 7, 1919, that fact should be considered established in passing upon plaintiffs' right to a jury. The only question remaining is: Would the granting of this demand have interfered with the orderly handling of the court's docket, delayed the trial of the case, or in any way operated to the injury of defendants?

It appears from the record that the jury was discharged by the court on January 21st; that the time assigned to the jury docket extended to January 31, 1919, and that the last two weeks of the term, beginning February 2, were assigned to the nonjury docket. At the time the demand for the jury was made a jury was in attendance, and was available for the three consecutive weeks of the term set aside for jury trials, the last week of which was not needed for jury trials, and the jury was discharged on January 21st, as stated. There was after the demand for a jury on January 7th ample time and opportunity for a trial at that term of court without injury to defendants. Plaintiffs brought themselves within the rule announced in the case of Petri v. Bank, supra, entitling them to a jury when they made the demand therefor, on January 7th, which demand was refused, and it was not incumbent upon them thereafter to make a request of the court to set the case for trial on the jury docket or to give notice to defendants of their action.

[5] We think the fact that the case had been partly tried at a former term, and was to be resumed on a certain date at the following term, under the agreement in the case, would not operate to estop them from demanding a jury at such subsequent term. As there is nothing in the record to intimate that, had the demand for jury been granted upon January 7th, it would have interfered with the orderly handling of the court's docket, delayed the trial of the case, or in any way operated to injure defendants, we are of opinion that it was reversible error to refuse to grant the demand.

We recommend, therefore, that the judgments of the district court and of the Court of Civil Appeals be reversed, and the cause remanded for a new trial.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.