## TUCKER v. LINGO. (No. 8767.)

(Court of Civil Appeals of Texas. Dallas. Feb. 17, 1923. Rehearing Denied March 17, 1923.)

1. **Continuance** ⟜26(1)—**In absence of diligence to secure evidence, continuance discretionary.**

Where defendant did not show diligence in trying to secure the evidence of his codefendant, his application for continuance for the purpose of securing such evidence was therefore addressed to the discretion of the court.

2. **Jury** ⟜25(6)—**When dilatory litigant entitled to jury trial stated.**

Any litigant has the right to a trial by jury, provided he complies with the provisions of the statute in securing same; and also has this right, even if dilatory in compliance with the statutory provisions, when the allowing of the jury would not interfere with the orderly disposition of the court's docket or deprive the opposing litigant of any right.

3. **Jury** ⟜25(6)—**Dilatory litigant held not entitled to jury trial.**

Where defendant, in a case, set down for trial on the nonjury assignment, did not demand a jury until a time when granting the demand would have interfered with the orderly trial of the docket, in that both the nonjury assignment of cases and the jury assignment had already been made up, and the latter was in the hands of the printer, and all the time of the court was taken up with these assignments, it was not error to refuse the jury trial.

4. **Appeal and error** ⟜1035—**Denial of jury held not prejudicial.**

Where it did not appear from the record that any other judgment could have been rendered than the one that was rendered, appellant could not complain of ruling denying jury trial.

Appeal from District Court, Dallas County; J. E. Gilbert, Judge.

Action by E. H. Lingo against Dick Tucker and others. From judgment for plaintiff, the named defendant appeals. Affirmed.

Claude M. McCallum and W. B. Hamilton, both of Dallas, for appellant.

Spence, Haven & Smithdeal, of Dallas, for appellee.

JONES, C. J. E. H. Lingo, appellee and plaintiff below, filed this suit against F. Z. Bishop, of Bexar county, Tex., and W. E. Cary, of Cameron county, Tex., as the makers of a promissory note in the sum of $10,000, in favor of appellee and against Dick Tucker, appellant, as indorser on said note. Said note was also secured by deeds of trust on various pieces of real estate. The makers of the note did not answer in the case, and appellant answered by filing a verified pleading, in which he set up the defense that he was only an indorser on the note and that indulgences had been given by appellee to the makers of the note from time to time by which the time for payment of said note was extended without his consent or knowledge; and also because suit had not been brought on the note for the term of court following the maturity of the note, and no reason was given for failing to bring suit either at the first or the subsequent term of the court after its maturity. The note matured on July 5, 1920, and suit was filed on July 22, 1921, returnable to the September term of court, which convened on September 5, 1921.

On September 6, 1921, the court called the appearance docket for orders, and no order was taken in this case. It was set down for trial on the nonjury assignment for September 21, 1921, but was postponed for one week, because not reached by the trial judge. On September 28, 1921, the court sounded the docket for announcements, and appellee announced ready. Appellant Tucker announced not ready and made an oral application for continuance of the case because of the absence of his codefendant, F. Z. Bishop, by whom he expected to prove the defenses alleged in his answer. This oral motion was overruled by the court. The case, however,

⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

was not reached for trial until September 30, when appellee again announced ready for trial, and appellant again announced not ready, and renewed his oral motion for a continuance on the same ground, which motion was overruled. When the case ·was called for announcement for trial, appellant demanded a jury and tendered the ·jury fee. The jury was not allowed by the court for the reason, as given in the court's qualification of appellant's bill of exception to this ruling, that it would interfere with the orderly trial of the docket, in that both the nonjury assignment of cases and the jury assignment had already been made up and the latter was in the hands of the printer and being printed, and all the time of the court was taken up in these assignments.

[1] Bills of exception were taken by appellant, both to the overruling of his oral application for a continuance and to the refusal of the court to permit him to place the case on the jury docket, and these bills of exception are made the basis for appellant's assignments of error on this appeal. We do not believe either of these assignments is well taken. Appellant did not show any diligence in trying to secure the evidence of his codefendant Bishop, and· his application for a continuance was therefore addressed to the discretion of the court, and we cannot say the court abused this discretion. American Surety Co. v. Camp (Tex. Civ. App.) 202 S. W. 799; Apache Cotton Oil & Mfg. Co. v. Watkins & Kelly et al. (Tex. Civ. App.) 189 S. W. 1083; Belknap et al. v. Groover et al. (Tex. Civ. App.) 56 S. W. 249; I. & G. N. Ry. Co. v. Biles & Ruby, 56 Tex. Civ. App. 193, 120 S. W. 952.

[2, 3] In reference to the second assignment, any litigant has the right to a trial by jury, provided he complies with the provisions of the statute in securing same. He also has this right, even if dilatory in a compliance with the provisions of the statute, when the allowing of the jury would not interfere with the orderly disposition of the court's docket or deprive the opposing litigant of any right. Under the court's qualification to appellant's bill of exception in denying him a jury, the court found that to allow the jury at the time it was called for would interfere with the orderly disposition of his docket, and he states facts that would warrant such conclusion. In this state of the case, we do not think the court erred in refusing the jury trial. Hunt v. Makemson, 56 Tex. 9; Cabell v. Hamilton-Brown Shoe Co., 81 Tex. 104, 16 S. W. 811; Petri v. Lincoln Nat.'Bank, 84 Tex. 153, 19 S. W. 379; Blair v. Paggi (Tex. Com. App.) 238 S. W. 639.

[4] There is another ground that is fatal to this assignment of error: It does not appear from the record of the trial·of the case that any other judgment could have been rendered other than the one that was rendered, and, hence, appellant cannot complain of the ruling of the court in denying the jury.

Finding no reversible error, the judgment of the lower court is affirmed.