**FOSTER et al. v. GOSSETT et al.** (No. 3686.)

Court of Civil Appeals of Texas. Texarkana.
May 17, 1929.

Rehearing Denied May 30, 1929.

Dial & Brim, of Sulphur Springs, for appellants.

Ramey & Davidson, of Sulphur Springs, and J. H. Beavers, of Winnsboro, for appellees.

WILLSON, C. J. (after stating the case as above). ▇ Appellants' contention that the trial court erred when he refused to comply with their demand for a jury to determine issues presented, they say, by their exceptions and objections to the partition made by the commissioners, is overruled. It appears in the record that the judgment determining the parties were entitled to a partition of the 168-acre and 32-acre tracts was rendered at the February, 1928, term of the district court of Hopkins county, and that no application for a jury was made before that judgment was rendered or at any time during that term of the court. The report of the commissioners then appointed to make the partition was filed September 19, 1928, which

was during the August, 1928, term of said court. It appears in a bill of exceptions that during said August, 1928, term, to wit, on October 4, 1928, before the jury for the week had been discharged, appellants demanded that said issues be tried by a jury, and deposited the statutory (article 2124, R. S. 1925) jury fee with the clerk of said court. The demand was refused; and on the next day, to wit, October 5, 1928, the hearing resulting in the judgment here complained of was had to the court without a jury. The statute (article 2125, R. S. 1925; and see section 10 of article 5 of the Constitution) invoked by appellants required them, if they desired the suit to be tried by a jury, to "make (quoting) application therefor in open court on the first day of the term at which the suit is to be tried, unless the same be appearance day, in which event the application shall be made on default day." As we have seen, it appears appellants did not do that, unless the proceedings after the filing of the commissioners' report should be treated, not as a part of the cause tried at the February, 1928, term, as we think they should be, but as proceedings in another and different suit, which they clearly were not. Treating those proceedings as a continuation of a trial commenced at said February, 1928, term, we think it must be held that appellants are in the attitude of having waived a trial by a jury of any of the issues in the suit. The holding in Blair v. Paggi (Tex. Com. App.) 238 S. W. 639, cited by appellants as supporting their contention that they were entitled to a jury trial on issues made by their exceptions notwithstanding the hearing thereon was a continuance of the trial commenced at the February term without demand for a jury, evidently was on the theory that the agreement of the parties to that cause that the trial at the term to which the same was passed should "begin where left off," was without effect, and hence that the trial should be treated as commenced at the term to which the postponement was had.

The contention that the trial court erred when he overruled appellants' objections and exceptions to the commissioners' report is plainly without merit we think. The burden of supporting their attack on the report was on appellants, and they adduced no evidence whatever in support of it. And as plainly without merit we think is the contention that the court erred "in sustaining (quoting) the plaintiffs' exceptions and objections to the defendants' compromise offer" as shown "in defendants' bill of exceptions No. 4." There is no such bill of exceptions in the record sent to this court. It appears from a pleading styled in the record "supplemental exceptions and objections of the defendants G. Y. Foster and T. R. Foster," that the compromise offer referred to was made by attorneys representing parties to the suit and accepted by attorneys representing other parties thereto, and that same was not enforceable because not evidenced as required by Rule 47 for the government of district and county courts.

The assignments of error (numbered 1 and 2) that the judgment "is contrary to the evidence" and "contrary to the law" are not entitled to consideration because too general. See Rules 24, 25, and 26, for the government of Courts of Civil Appeals. The assignment complaining of the action of the trial court in overruling appellants' application for a continuance to obtain the testimony of named witnesses to support appellants' exceptions and objections to the commissioners' report also has not been considered, because the ruling has not been presented here by a bill of exceptions as required by Rules 55 and 70 for the government of district and county courts.

The judgment is affirmed.