## LEBMAN v. SULLIVAN et al.
### No. 11643.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 20, 1946.

Rehearing Denied Dec. 18, 1946.

Levey & Goldstein, of San Antonio, for appellant.

Kemp, Lewright, Dyer, Wilson & Sorrell, of Corpus Christi, for appellee Key.

John Dawson, of Sinton, for appellee Sullivan.

NORVELL, Justice.

This is an interpleader suit. Otis Sullivan alleged that he was a vegetable buyer and shipper and on occasions made contracts with farmers whereby he furnished seed for planting, etc., and shared in the crops grown. He alleged that in connection with such business he entered into an agreement with Phil Lebman under the terms of which Lebman was to look after various contracts with farmers and vegetable purchase agreements in San Patricio County, Texas, and receive one-third of the profits; that Lebman was called into military service, and made an agreement with Gene Key to carry on the business and perform the duties assumed by Lebman under his agreement with Sullivan; that the venture resulted in a profit and Lebman and Key were in dispute as to the division of one-third of the profits. Sullivan tendered into court the sum of $1,539.-48.

Lebman and Key both answered and the main controversy upon the trial was the issue of whether or not certain purchases and sales of produce, particularly onions, were included within the original agreement between Sullivan and Lebman. Issues relating to an accounting were also involved.

The trial court found that the original partnership existing between Sullivan and Lebman was terminated by Lebman on or about March 28, 1943, and consequently Lebman had no interest in the business carried on by Sullivan and Key after that date. Lebman has appealed.

Appellant's first contention is that his Bill of Exceptions No. 1 discloses a reversible error. The pertinent parts of the bill are as follows:

"Said cause was set for trial on the non-jury docket for March 21, 1946, and notice to such effect was mailed to counsel for Defendant Philip Lebman at San Antonio, Texas, on March 14, 1946.

"Counsel for said Defendant Philip Lebman on March 16, 1946, mailed a demand for a jury in said cause, together with the jury fee, to the Clerk of this Court at Sinton, Texas. That at the time such demand was received, a jury was available, having been summoned for the trial of another case which was postponed. The Court refused to place this cause on the jury docket and order a jury trial for the reason that a jury had not been demanded and a jury fee paid ten days prior to the setting of such case and the Court did not want to hold over the jury to try such case."

In the final analysis, the question presented is a narrow one and may be stated as follows: When a bill of exceptions shows that a request for a jury has been refused because of non-compliance with Rule 216, Texas Rules Civil Procedure, is it essential, as a basis for reversible error, that the bill further show that the granting of the request for a jury would not have resulted in (a) an interference with the orderly handling of the court's docket, (b) delayed the trial of the case, or (c) operated to the injury of the opposite party? Blair v. Paggi, Tex.Com.App., 238 S.W. 639.

Rule 216 reads as follows: "Fee. No jury trial shall be had in any civil suit, unless application be made therefor in open court and unless a fee of five dollars if in the district court, and three dollars if in the county court, be deposited by the applicant with the clerk to the use of the county on or before appearance day or, if

thereafter, a reasonable time before the date set for trial of the cause on the non-jury docket, but not less then ten days in advance. The clerk shall promptly enter a notation of the payment of such fee upon the court's docket sheet." (Source: Arts. 2124 and 2125, R.S.1925.)

Although mandatory wording is used in the rule, the statute from which the rule was taken was given a directory interpretation because of the importance of the right of trial by jury under our constitutional system. Allen v. Plummer, 71 Tex. 546, 9 S.W. 672; Petri v. Lincoln Nat. Bank, 84 Tex. 153, 19 S.W. 379; Blair v. Paggi, Tex.Com.App., 238 S.W. 639.

█ The rule being directory, it follows that the trial judge may in his discretion allow a late request for a jury trial despite the mandatory wording of the rule.

█ Since the matter of allowing a jury upon a late demand is discretionary with the trial judge, his action relative thereto is reversible error only when an abuse of discretion is shown.

█ The question above stated must therefore be answered in the affirmative. A reversible error is not disclosed by merely showing that the trial court refused a late request for a jury, and in so doing followed a rule promulgated by the Supreme Court for regulation of trials in the district courts. As we understand the authorities, it is necessary that the bill further show that the granting of the late request would not result in an interference with the orderly handling of the court's docket, delay the trial of the case, or operate to the injury of the opposite party.

Appellant seeks to distinguish this case from that of Avant v. Poteet, Tex.Civ. App., 95 S.W.2d 741, 743, upon the ground that the bill in the cited case contained the qualification that, "The postponment of the case, at this time, and under the circumstances, would disorganize and disrupt the docket for the week." No similar statement appears in the bill now before us.

Of course, where it affirmatively appears that the granting of a late demand for a jury would disrupt the docket no reversible error is shown, but we think it likewise

true that a bill which discloses a discretionary action was taken by a trial judge without a further showing that such action amounted to an abuse of discretion, likewise, fails to disclose a reversible error.

The bill here discloses that settings of cases ready for trial during the week beginning Monday, March 18, 1946, were made prior to March 14, in the preceding week. This particular case was set for Thursday, March 21, on the non-jury docket, as no request for a jury had been made at the time of the setting. Appellant's contention is that the trial judge should have required the members of the jury panel summoned to appear on Monday, the 18, to return on Thursday, the 21. It is difficult to see how this suggested procedure could have been carried out without disrupting the non-jury docket for the week. At all events, the bill does not show facts from which it could be concluded that no disruption of the docket would have taken place, had appellant's request for a jury been granted.

We overrule appellant's first point and hold that his bill of exceptions does not disclose a reversible error.

By his second point appellant seeks to invoke the fact jurisdiction of this Court which authorizes us to set aside a judgment based upon findings which are so against the great weight and preponderance of the evidence as to be manifestly wrong. Texas & N. O. R. Co. v. Wagner, Tex.Civ.App., 262 S.W. 902; Happ v. Happ, Tex.Civ.App., 160 S.W.2d 227.

In our opinion, appellant's point is not well taken. We have heretofore indicated what the issues in the case were. The trial court made findings thereon upon conflicting evidence. Such findings are not manifestly erroneous and are consequently binding upon us. 3 Tex.Jur. 1102, § 771.

By his third point appellant points out that a mistake was made in calculating the amount of the judgment Lebman was entitled to recover under the trial court's findings. Appellee Sullivan admits that he is indebted to Lebman in the additional sum of $151.87.

The judgment of the trial court will be reformed so as to allow appellant, Philip

Lebman, an additional recovery against appellee Otis Sullivan of $151.87, together with interest on said amount at the rate of six per cent per annum from April 8, 1946 (date of judgment below) until paid.

It does not appear that the error made in computing the amount which Lebman should recover of Sullivan was ever called to the attention of the trial court. Such error would undoubtedly have been corrected had this been done. Under these circumstances, costs of appeal will be taxed against appellant. United Employers Casualty Co. v. Barker, Tex.Civ.App., 148 S.W.2d 260.

Judgment reformed, and as reformed, affirmed.