Ada CREGLAR, Appellant,

v.

Mrs. Ara S. HYDE et vir, Appellees.

No. 3268.

Court of Civil Appeals of Texas. Waco.

June 9, 1955.

Rehearing Denied June 29, 1955.

W. J. Durham, Dallas, for appellant.

Neal C. DeShazo, Dallas, for appellees.

HALE, Justice.

The parties to this appeal will be referred to as they were in the trial court. The plaintiff, Ada Creglar, a feme sole, brought suit against defendants, Mrs. Ara

S. Hyde and husband, on February 17, 1954, to set aside a trustee's deed purporting to convey a parcel of land in pursuance of the powers of sale given in two deeds of trust executed by plaintiff for the benefit of defendant, Mrs. Hyde. The deeds of trust were given to secure the payment of two notes which plaintiff executed and delivered to Mrs. Hyde, one of the notes being dated November 11, 1948, in the principal sum of $2,500, bearing interest at the rate of 7% per annum, and being payable in monthly installments of $40 each, the other note being dated June 25, 1951, in the principal sum of $2,495.37, bearing interest at the rate of 10% per annum, and being payable in monthly installments of $50 per month.

Plaintiff alleged, among other things, that she had paid to Mrs. Hyde in cash and rents derived from the apartment house located on the lot in controversy, the sum of $3,925 since the execution of the above notes; that the apartment house was damaged by fire during the month of March in 1951 and, from the proceeds in the sum of $1,650 received from the insurance covering the loss, $1,100 was used to repair the damage and $550 was paid over to Mrs. Hyde to be applied on the notes; that plaintiff and Mrs. Hyde agreed, verbally, that Mrs. Hyde might collect the rentals from the property and apply the same as credits upon the notes; that Mrs. Hyde had collected the rentals but had refused to furnish to plaintiff a statement showing the amount collected and the date upon which each collection was made; that plaintiff made written demand upon Mrs. Hyde to furnish such statement, in order that she might thereby determine accurately the amount of principal and interest then due, if any, on the notes, advising Mrs. Hyde that she was willing, ready and able to pay the balance due on said notes but that she did not know and could not determine the amount of the balance due without such statement. Plaintiff further alleged that, notwithstanding the foregoing facts, Mrs. Hyde failed and refused to furnish her the information demanded but, without doing so, caused the trustee in the deeds of trust to attempt to convey the mortgaged property to her.

Plaintiff prayed that the court determine the balance of the amount due on the notes, permit plaintiff to pay the same into the registry of the court, and that upon such payment the deeds of trust and the purported trustee's deed to Mrs. Hyde be cancelled and held for naught.

Defendants filed their amended answer in the cause on June 24, 1954. They interposed a plea of not guilty and, in the alternative, alleged by affirmative pleas that prior to the last executed deed of trust note they had loaned money to plaintiff on four personal notes, three of which were paid by plaintiff, and that the balance owing on the other note was merged with and included in the amount evidenced by the last deed of trust note dated June 25, 1951. They further alleged that if they made any oral agreement with plaintiff to collect the rents accruing from the property covered by the deeds of trust and keep an accurate account thereof, as alleged by plaintiff, that there was no consideration for such agreement. They also alleged that plaintiff made default in the payment of the two installment notes which were secured by the two deeds of trust, that they exercised their option to mature the full amount of the balance of both notes and that they notified plaintiff they had done so prior to the time when the property was sold to Mrs. Hyde on December 1, 1953, by the trustee in said deeds of trust.

The record discloses that the case was set for trial on the court's non-jury docket for June 17, 1954; that the trial court passed the case at that time without any announcement from defendants because the plaintiff's attorney was unable to try the case on account of a previous setting of another matter in another court; that on June 22, 1954, the attorney for plaintiff demanded a jury, paid a jury fee, caused the case to be placed on the trial court's jury docket and notified the attorney for defendants that he had done so. On July 8, 1954, the trial court entered an order appointing a master in chancery in the cause, empowering him to summon witnesses and to hear and take testimony on all issues involved

in the case and to file. "with the court his findings of fact on all issues involved herein and his conclusions of law with convenient speed, and that any party desiring to except to such findings or conclusions shall file his exceptions within ten days after the filing of such findings and conclusions."

The record further discloses that immediately after the trial court announced his appointment of a master in chancery in this cause, and before the master was sworn in or had started upon the performance of his duties as such, the attorney for plaintiff objected and excepted to the appointment of a master in chancery on the ground that this case had been placed upon the jury docket "and is now upon the jury docket and that the plaintiff is entitled to a jury trial on the facts of this case, and that referment of this case to a master in chancery is a denial to the plaintiff of the right of a trial by jury, in violation of rights guaranteed to her under the Constitution of Texas and under the Constitution of the United States." Notwithstanding such objections and exceptions of the plaintiff, the master proceeded forthwith to hear the verbal testimony of Mrs. Hyde, of plaintiff and of the contractor who repaired the damage to plaintiff's apartment house resulting from fire. Various exhibits were also placed in evidence. The master in chancery filed with the trial court his findings of fact and conclusions of law on July 29, 1954. On August 6, 1954, plaintiff filed her motion to strike the findings of fact and conclusions of law of the master upon the grounds, among others, that this was not an "exceptional" cause within the meaning of Rule 171, Texas Rules of Civil Procedure, that it was not a complicated case and that the evidence given before the master in chancery was heard and taken within less than eight hours. On August 8, 1954, plaintiff filed extensive objections and exceptions to each of the findings of fact and conclusions of law of the master for the reasons and upon the grounds fully set forth in her objections and exceptions thereto. On September 16, 1954, the trial court overruled plaintiff's motion to strike the findings of fact and conclusions of law

filed by the master, and her objections and exceptions to such findings and conclusions. On October 13, 1954, the trial court rendered judgment adopting the findings of fact and conclusions of law filed by the master in chancery, decreeing that the plaintiff take nothing against the defendants, that the defendant Mrs. Hyde recover of and from the plaintiff the parcel of land in controversy and that Mrs. Hyde also have judgment against the plaintiff for the sum of $80 and all costs of court, including compensation for the master in chancery in the sum of $150.

By appropriate points in her brief plaintiff says the trial court erred (1) in referring this case to a master in chancery, (2) in rendering judgment against her based upon the findings of fact and conclusions of law filed by the master after she had filed her objections and exceptions thereto and before the court adopted the findings of fact and conclusions of law, (3) in refusing to proceed to trial and hear her evidence after she had filed her objections and exceptions to the findings of fact and conclusions of law of the master in chancery, and (4) in rendering judgment against her confirming title in Mrs. Hyde to the land involved under the purported trustee's sale.

■ Rule 171, T.R.C.P., provides in part that "The court may, in exceptional cases, for good cause appoint a master in chancery, * * * who shall perform all of the duties required of him by the court, * * * and have such power as the master of chancery has in a court of equity." This rule stems from what was formerly Art. 2320 of Vernon's Tex.Civ.Stats., and from Rule 53, Fed.Rules Civ.Proc. 28 U.S. C.A. The court is not authorized under this rule to appoint a master in chancery in other than exceptional cases and not then except for good cause.

■ The record before us does not show that any party to this suit requested the court below to appoint a master in chancery, and we find no unusual facts or circumstances in the record which indicate to us that this is such an exceptional case

within the meaning of Rule 171, T.R.C.P., as to warrant the trial court in referring the entire case to a master on his own motion. Although the order appointing a master on July 8, 1954, recites that "the Court, for good cause found to exist, deems it necessary to appoint a Master in Chancery", there is no showing in the order or elsewhere as to what fact or facts, if any, the trial court found to exist which constituted "good cause" for the appointment of a master or why the court deemed it necessary to appoint a master and refer to him all issues involved in the case. Where, as in this case, the principal issues involved in the suit related to nothing more than the existence of the verbal agreement alleged by plaintiff concerning the collection of rentals by defendants and the amount plaintiff owed to defendants under the contractual relationship existing between them, and where all the testimony was taken within one day's time, we think, even though it might have been proper to deny a trial by jury, that the duty of trying and deciding the case and of filing findings of fact and conclusions of law supporting the judgment rendered in the cause was upon the court. Helfer v. Corona Products, Inc., 8 Cir., 127 F.2d 612, pt. 1.

Furthermore, we see no valid reason why plaintiff was not entitled as a matter of law to a trial of the disputed issues of fact in this case by a jury. She demanded a jury, paid a jury fee, caused the case to be placed upon the court's jury docket and notified the attorney for defendants that she had done so, all of these events having transpired prior to the time when defendants filed their trial pleadings and more than ten days in advance of the time when all parties appeared in the court below on July 8, 1954 and announced ready for trial. The order appointing the master recites that since the demand for a jury was not made or the jury fee paid until June 22, 1954, such demand and payment was not made within the time required by law and that the trial of the case should not be delayed further. However, it does not appear that the failure of plaintiff to apply for a jury or to pay the required jury fee sooner than she did was the cause of the trial judge not being able to try the case on or before July 8, 1954, or that any right of the defendants was prejudiced by such failure. The record indicates that the reason, and the only reason, why the court could not try this case on July 8, 1954, was because the court was engaged at that time in another jury trial. In the case of Allen v. Plummer, 71 Tex. 546, 9 S.W. 672, 673, the Supreme Court reaffirmed its prior holdings that the statutory provisions then in force with respect to the time to demand and pay a jury fee were not strictly mandatory, and that the failure to make payment of the jury fee at the time specified in the statute "does not forfeit the right to have a trial by jury when such failure does not operate to the prejudice of the opposite party. Allyn [& Co.] v. [P. J.] Willis [& Bro.], 65 Tex. 65; Gallagher v. Goldfrank, 63 Tex. 473; Hardin v. Blackshear, 60 Tex. 132; Berry v. [Texas & N. O.] Railroad Co., 60 Tex. 654."

Moreover, since plaintiff duly excepted and objected to the appointment of a master in chancery immediately after the court had announced such appointment, timely filed and presented her motion to strike the findings of fact and conclusions of law filed by the master and thereafter timely filed and presented her objections and exceptions to each of the findings of fact and conclusions of law by the master, it appears to us that she thereby resorted to every reasonable means at her command to preserve her right to have the disputed issues of fact in the case decided by a jury, or, in any event, by the trial court, rather than by a master in chancery.

Therefore, we hold that the trial court erred to the prejudice of plaintiff in rendering judgment against her based upon the findings of fact and conclusions of law filed by the master in chancery in this cause. Art. V, Sec. 10 of the Constitution of Texas, Vernon's Ann.St.; Dean v. Sweeney, 51 Tex. 242; San Jacinto Oil Co. v. Culberson, 100 Tex. 462, 101

S.W. 197; Blair v. Paggi, Tex.Com.App., 238 S.W. 639; Arlington Heights Realty Co. v. Citizens Ry. & Light Co., Tex.Civ. App., 160 S.W. 1109; Hemman v. Hemman, Tex.Civ.App., 251 S.W. 313, pt. 2; Tilton v. Sharp, Tex.Civ.App., 52 S.W.2d 289.

Accordingly, the judgment appealed from is reversed and the cause is remanded to the court below for further proceedings not inconsistent with the views herein expressed.