**H. T. REDDEN, Appellant,**

**v.**

**Mrs. Gert HICKEY et al., Appellees.**

**No. 3514.**

Court of Civil Appeals of Texas.

Waco.

Nov. 27, 1957.

Rehearing Denied Jan. 9, 1958.

J. S. Simkins, Corsicana, for appellant.

Roe, Ralston & McWilliams, Dawson & Dawson, Corsicana, for appellees.

TIREY, Justice.

This is a partition suit and the sole question before us involves the construction and application of Rule 771, Texas Rules of Civil Procedure, as it relates to one of the interested parties as to such party's right to have a trial by jury on his objections to a report of the commissioners in such partition.

A comprehensive statement is necessary.

Appellee, Mrs. Hickey, went to trial on her original petition. In this petition she set up that H. T. Redden, Mrs. Doris Rush, W. M. Riley and wife, Agnes Riley, were the joint owners of certain real estate and described it by metes and bounds and alleged the respective interest of each joint owner. She alleged that all of the land was capable of being partitioned in kind except the oil, gas and other minerals under tracts Nos. 4 and 5, which was oil producing property, and she did not seek to have such land partitioned in this present suit. She alleged that all of the other land described by metes and bounds, except the first tract described in her petition, which was a house and lot in the City of Corsicana, was capable of being partitioned in kind, and she alleged that a receiver should be appointed in order to sell the house and lot in Corsicana and make partition of the proceeds.

Appellant Redden (the only party to appeal) went to trial on his original answer and in his answer he averred substantially that the real estate to be divided and the respective interests of plaintiffs and defendant therein were true; however, he averred that all of the property described in the original petition is susceptible of partition in kind among the various owners and that the court should appoint three competent and disinterested appraisers to make due and proper appraisement and partition of the property among the owners.

Plaintiff's original petition was filed on May 7, 1956. On July 14, 1956, the court decreed that the Corsicana property be sold for cash at private sale through a receiver and that the proceeds of such sale be returned to the court to be partitioned among the parties according to their respective interests, and he appointed a receiver to make such sale and fixed his bond and duties as receiver. The judgment then decreed that the land described in plaintiff's original petition be partitioned, save and except the minerals under tracts 4 and 5, described by metes and bounds in the petition and described in the decree, and decreed a one-fourth interest to each of the parties, namely, Mrs. Hickey, Mrs. Rush, Mrs. Riley and appellant Redden. Writ of partition issued on July 23, 1956, notifying Derwood George, Paul Moore and Leroy McAfee, that they had been appointed commissioners by the district court of Navarro County to make partition of the property, and the notice required them to return their findings to the court on or before the 6th of August, 1956. This writ was duly served by the Sheriff of Navarro County on July 19, 1956. The commis-

sioners made their report and caused the same to be duly filed on December 21, 1956. This report is comprehensive and describes the property and divides the property into what they term four equal shares, and the report further sets out that the commissioners employed the services of a competent surveyor of Navarro County, who carefully checked and measured each tract and prepared a map of the same, and they made the map a part of their report, which map they used in dividing and partitioning said tracts in a fair, just and equitable manner, and the report further says that after such land was divided into four equal shares they were numbered 1, 2, 3, and 4, and thereafter they requested all parties at interest to appear before them either in person or by their attorneys and draw for such shares, which was done, and each of such shares being properly numbered were placed in a hat and drawn out by their attorneys or representatives. Pertinent to this discussion Redden drew Share No. 3, and, as above stated, he is the only party that is dissatisfied and has perfected his appeal to this court.

On December 21, 1956, at 10:05 a. m., H. T. Redden filed his objections to the report of the commissioners, which objections filed by Redden consist of approximately six typewritten legal pages and point out certain inequities in the various shares, and the objections show that they were filed after the drawing and after the allotments had been made to the various parties at interest.

On January 2, 1957 Redden filed further objection to the court considering the report of the commissioners and in this objection he sets out that the October Term 1956 had expired and because the court failed to accept and approve the report of the commissioners for partition as tendered in said cause, and because said court had not entered any judgment accepting or approving said report that such cause now stands as if no report of partition had been made by the commissioners of partition, and that the court is powerless to consider such report or enter any character of order thereon accepting or approving the same, but says that the only thing the court can now do is to appoint a new set of commissioners for partition and proceed to partition again. There is no prayer in this instrument.

On January 2, 1957 Redden filed a written request that said purported report be wholly disregarded and that a new set of commissioners be made in said cause and further requested the court to place this cause on the jury docket in order that the matters presented in his contest and objections to the report of the commissioners for partition may be determined by a jury, and recites that a jury fee is now being deposited. This was filed by Redden's attorney of record.

We quote in part from appellant's brief: "No setting of said cause for trial on the report of the commissioners for partition was made at the January 1957 term of said court due to the change of trial judges, Judge James C. Sewell then succeeding Judge A. P. Mays. Appellant H. T. Redden filed in said cause his demand for a jury and deposited a jury fee in said cause on January 2, 1957, and before the convening of the January 1957 term of said district court which convened on January 7, 1957, notation of the same having been made on the same date on the trial docket of said district court, which counsel for appellees tendered in evidence. At the convening of the April 1957 term of said trial court * * * by agreement of all parties said cause was set for trial * * * Monday, May 6, 1957, on the Jury-Civil docket. On the sounding of the civil docket * * * on May 6, 1957, counsel for appellant * * * requested of the court that he be allowed to submit his exceptions and objections to the report of the commissioners for partition to a jury, the trial court being fully advised of the filing of said demand for a jury trial and the deposit of the jury fee on January 2, 1957, and a jury being available and was present on the morning of May 7, 1957 * * *."

Appellees in their brief say that the statement under appellant's Point 1 is substantially correct except as they point out. We quote: "Appellees do not agree with appellant that said cause was set for trial for the sixth week on the Jury Civil Docket by agreement of all parties. The matter of the objections and exceptions to the Report of the Commissioners for Partition was set for hearing by agreement on Monday, May 6, 1957, but there was no agreement that the same would be heard before a jury or placed on the jury docket. The matter of a jury for such hearing was not mentioned until the Court requested announcements for ready on May 6, 1957, at which time counsel for appellant for the first time called attention to the Court and to opposing counsel that he had deposited a jury fee on January 2, 1957."

The court thereafter on May 17, 1957 entered its order approving in toto the report of the commissioners and decreed title accordingly. In the judgment we find this recital which we think is pertinent to this discussion: "On the 6th day of May A.D. 1957, came on for hearing the Report of Commissioners filed in the above entitled and numbered cause on the 21st day of December, A.D. 1956 * * * and it having been made known to the court that said H. T. Redden did on the 21st day of December, A.D. 1956, file his objections and exceptions to the Report of said Commissioners above mentioned, said court gave said defendant H. T. Redden an opportunity to present any evidence that he may have in favor of his exceptions and objections made to such report; that said defendant failed and refused to present any evidence and announced to the court that he would not participate in such hearing without the intervention of a jury. The court then proceeded to hear evidence in favor of such Report of said Commissioners, and after having carefully examined said Report and having heard evidence in favor of the same, the court again advised said defendant H. T. Redden, through his attorney, that the court would hear any evidence

that he might have to support his exceptions and objections to said Report of Commissioners, but said defendant H. T. Redden, acting through his attorney, again refused to present any evidence or to participate in said hearing further."

No pleading was filed by defendants tendering the issue that appellant Redden had estopped himself by participating in the drawing for his share, or that he waived any right in so doing.

The judgment is assailed on one point only. It is: The court erred in holding that appellant, having failed to make his demand for a jury and deposit his jury fee in said case before the first or interlocutory judgment was entered in said case on July 14, 1956, and at the July term of said court, that he was thereafter debarred from having his exceptions and objections to the report of the commissioners for partition submitted to a jury as provided by Rule 771, T.R.C.P.

Appellant relies on Rule 771, T.R.C.P., Aronoff v. Texas Turnpike Authority, Tex. Civ.App., 299 S.W.2d 342 (no writ history); Blair v. Paggi, Tex.Com.App., 238 S.W. 639; Creglar v. Hyde, Tex.Civ. App., 280 S.W.2d 783 (no writ history); Marmion v. Wells, Tex.Civ.App., 246 S.W. 2d 704 (writ ref.); Pfeffer v. Meissner, Tex.Civ.App., 286 S.W.2d 241, 246 (no writ history); Petri v. Lincoln National Bank, 84 Tex. 153, 19 S.W. 379; Tilton v. Sharp, Tex.Civ.App., 52 S.W.2d 289 (no writ history); Waters-Pierce Oil Co. v. State, 107 Tex. 1, 106 S.W. 326.

Appellees in their brief contend in effect that there is no merit whatsoever in appellant's position and they submit that the case of Foster v. Gossett, Tex.Civ.App., 17 S.W. 2d 469 (Texarkana, no writ history) is in point and is controlling here and that it sustains their position taken in the trial court and the judgment of the trial court. We do not think the Gossett case is controlling here for reasons which we shall hereinafter set out.

■ Rule 771, T.R.C.P., provides: "Either party to the suit may file objections to any report of the commissioners in partition, and in such case a trial of the issues thereon shall be had as in other cases. If the report be found to be erroneous in any material respect, or unequal and unjust, the same shall be rejected, and other commissioners shall be appointed by the Court, and the same proceedings had as in the first instance."

This court is of the view that the effect of the foregoing rule is to give any party at interest in a partition suit, who is dissatisfied with the report of the commissioners appointed to divide the property, the right to file such objections and to demand a jury trial on the objections made. It is true that we have not been cited to any Texas case so holding and we have not found any, but we think the clause in the rule " * * * and in such case a trial of the issues thereon shall be had as in other cases * * *" means that the dissatisfied party may submit his objections to the court without the intervention of a jury, or he may demand a jury trial to pass on what he believes to be important factual issues. We think this view is in accord with our procedure and our judicial history.

■ In Marmion v. Wells, supra [246 S.W.2d 705], Justice Norvell very clearly pointed out that under our system of handling a partition suit that we have two decrees to be entered, the first decree being referred to in some instances as an interlocutory decree and the second being sometimes termed the final decree. "However, the first decree is interlocutory only in the sense that it is intermediate in relation to the second decree. The rights and matters therein determined are final and it is appealable as a final judgment. An appeal may be taken from the second judgment approving the report of the commissioners" and cites cases. See also Pfeffer v. Meissner, supra, point 5, 286 S.W.2d at page 246. In this cause the rights of the parties set out in the first decree are not in question.

The sole question here is the right of the appellant to have a jury trial on his objections filed to the commissioners' report.

■ Needless to say, the right of trial by jury is guaranteed by both our State and Federal Constitutions and formerly the manner of obtaining a trial by jury was regulated by our statutes. Art. 2123, Vernon's Ann.Civ.St. provides: "The right to trial by jury shall remain inviolate, subject to the following rules and regulations (Const. Art. 1, Sec. 15)." Art. 2124 provided for "demand and fee" and Art. 2125 fixed the time to make demand for jury. These last two articles have been repealed and have been superseded by rule 216, T.R.C.P., which provides: "No jury trial shall be had in any civil suit, unless application be made therefor and unless a fee of five dollars if in the district court, and three dollars if in the county court, be deposited by the applicant with the clerk to the use of the county on or before appearance day or, if thereafter, a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than ten days in advance. The clerk shall promptly enter a notation of the payment of such fee upon the court's docket sheet." The changes made by the Rules Committee in the foregoing statutes are not material here.

The question of whether or not the court erred in refusing the litigant's demand for a jury was passed upon by our Supreme Court in Petri v. Lincoln National Bank, supra [84 Tex. 153, 19 S.W. 380], and there we find this statement: "The constitution secures the right of trial by jury (article 1, § 10) but provides that, in order to avail themselves of that right, parties shall make application therefor in open court, and shall make a deposit of a jury fee, or make an affidavit of their inability to make such deposit. Article 5, §§ 10, 17. The time of making the application was left to be regulated by the legislature. * * * Notwithstanding the fact that the language of the statute would ordinarily be deemed mandatory, it has been ruled that the failure to pay the jury fee upon the first day of the

term does not deprive a party of the right of trial by jury, unless it should operate to the prejudice of his adversary."

Our Supreme Court has not seen fit to change or modify the foregoing rule.

This court in Creglar v. Hyde, supra [280 S.W.2d 787], in consideration of a similar question of a litigant's right to a jury trial, made this observation: "The record indicates that the reason, and the only reason, why the court could not try this case on July 8, 1954, was because the court was engaged at that time in another jury trial. In the case of Allen v. Plummer, 71 Tex. 546, 9 S.W. 672, 673, the Supreme Court reaffirmed its prior holdings that the statutory provisions then in force with respect to the time to demand and pay a jury fee were not strictly mandatory, and that the failure to make payment of the jury fee at the time specified in the statute 'does not forfeit the right to have a trial by jury when such failure does not operate to the prejudice of the opposite party.'"

■ Going back to the factual situation in the case at bar, we find that the commissioners' report on partition was not filed until the latter part of December 1956, and the appellant here filed his objections to the commissioners' report on the same date that their report was filed. Thereafter, on January 2, 1957, the appellant made application for jury trial and paid the jury fee and had it noted on the docket. The cause was set on the jury docket and a jury was available at the time the case was called for trial. It is obvious that the appellant who had an interest to be partitioned in the suit did not know and could not know whether or not he would be dissatisfied with the commissioners' report until it was filed, and we are of the view that he would be under no duty to decide whether or not he wanted a jury trial on the commissioners' report until that report was made and filed. It is likewise obvious and the record so shows that a jury trial would not have delayed the disposition of this matter, and appellant, having made demand and paid the jury

fee, was entitled to carry his complaint to a jury, and we think this point need not be labored.

■ But appellees say in effect that they did not agree to a jury trial and did not agree to have the cause set down on the jury docket. Appellant was not required to obtain the consent of his adversaries, nor of the court, for a jury trial. All he had to do to be entitled to a jury trial was to demand a jury and make the deposit and call it to the attention of the court, and it was the duty of the court to set the cause down for trial on the jury docket. The record is without dispute that the case was set for trial on the jury docket. Needless to say, appellant did nothing to delay the trial of the cause to a jury. We have given the Gossett case our most careful consideration and, as we understand this case, the factual situation there is not exactly the same as in the case before us. However, in the Gossett case we do find this statement [17 S.W.2d 470]: "* * * on October 4, 1928, before the jury for the week had been discharged, appellants demanded that said issues be tried by a jury, and deposited the statutory (article 2124, R.S.1925) jury fee with the clerk of said court. The demand was refused; and on the next day, to wit, October 5, 1928, the hearing resulting in the judgment here complained of was had to the court without a jury. The statute (article 2124, R.S.1925; and see section 10 of article 5 of the Constitution) invoked by appellants required them, if they desired the suit to be tried by a jury, to 'make (quoting) application therefor in open court on the first day of the term at which the suit is to be tried, unless the same be appearance day, in which event the application shall be made on default day.' As we have seen, it appears appellants did not do that, unless the proceedings after the filing of the commissioners' report should be treated, not as a part of the cause tried at the February, 1928, term, as we think they should be, but as proceedings in another and different suit, which they clearly were not. Treating those proceedings as a continua-

tion of a trial commenced at said February, 1928, term, we think it must be held that appellants are in the attitude of having waived a trial by a jury of any of the issues in the suit."

We think the foregoing statement from the opinion shows that the Gossett case is in conflict with the holding in the case of Marmion v. Wells, supra, and with the holding of our Supreme Court in Petri v. Lincoln National Bank, supra, and Allen v. Plummer, supra, cited as to right of trial by jury in civil cases, and that it is likewise in conflict with the holding of the Commission of Appeals in Blair v. Paggi, supra, as well as the pronouncements contained in the other authorities here cited. For the foregoing reasons, we decline to follow the Gossett case.

Accordingly, the judgment entered by the trial court approving the report of the commissioners is hereby set aside and held for naught and the court is directed to proceed to a trial of the issues made by appellant's objections to such report before a jury.

Accordingly, this cause is reversed and remanded, and the costs of this appeal are taxed equally against the other three shares.